**BONNER et al. v. AMERICAN RAILWAY EXPRESS CO.  (No. 7591.)** *

(Court of Civil Appeals of Texas. San Antonio. June 2, 1926. Rehearing Denied June 23, 1926.)

**1. Death ⬭11—Liability for causing death is under statute alone. (Rev. St. 1911, art. 4694, amended by Acts 37th Leg. [1921] c. 109 [Vernon's Ann. Civ. St. Supp. 1922, art. 4694]; Rev. St. 1911, arts. 4698, 4699; Rev. St. 1925, art. 4675.**

Since at common law there is no right of action for negligently killing a human being, right to damages therefor is under Rev. St. 1911, art. 4694, as amended by Acts 37th Leg. (1921) c. 109 (Vernon's Ann. Civ. St. Supp. 1922, art. 4694), Rev. St. 1911, arts. 4698, 4699, and Rev. St. 1925, art. 4675.

**2. Death ⬭95(3).**

Measure of damages for death is present value of pecuniary aid that deceased would have contributed to party seeking damages.

**3. Death ⬭49(2).**

Petition of married sister for death of 7 year old brother *held* not to show basis for financial support that would ever be extended by him.

**4. Death ⬭18(3).**

Married sister of 7 year old boy is not authorized, under Rev. St. 1911, art. 4694, amended by Acts 37th Leg. (1921) c. 109 (Vernon's Ann. Civ. St. Supp. 1922, art. 4694), Rev. St. 1911, arts. 4698, 4699, and Rev. St. 1925, art. 4675, to recover for his death.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Dorothy Barnes Bonner and another against the American Railway Express Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

W. E. Pope, of Corpus Christi, for appellants.

Kleberg & North, of Corpus Christi, and Baker, Botts, Parker & Garwood, of Houston, for appellee.

FLY, C. J. This is a suit for damages instituted by Dorothy Barnes Bonner, joined by her husband, Frank Bonner, against appellee; the damages being based on the death of Jesse A. Barnes, Jr., the minor brother, 7 years of age, of said Dorothy Bonner, which it was alleged was caused by the delivery to the said minor of a wooden box package which when opened exploded and killed the said Jesse A. Barnes, Jr. The court sustained a general demurrer to the petition.

The petition sets out in detail the circumstances under which the package was delivered by a small Mexican boy, who was sent back to the sender of the package to obtain information as to the contents of the package, and finally received an answer that it was "magazines," and that such answer and the actions of the boy and his employers were such as to put appellee upon inquiry as to the contents, and the failure of appellee to make such inquiry, and its delivery to said Jesse A. Barnes, was culpable, gross negligence, which resulted in the death of the minor.

As a basis for their recovery of damages, appellants alleged:

"Plaintiffs further allege that at the time of the death of the said Jesse A. Barnes, Jr., as aforesaid, he was 7 years old; that he was a child of good moral character, studious, sober, and of industrious habits, and was in good health, and with good prospects to become well qualified for the transaction of business; that at the time of his said death he was devoted to and interested in his father, Jesse A. Barnes, and with childlike innocence, and not knowing that defendant, its agents and servants, had caused said package to be falsely labeled and received from some unidentified person, was present with his father when said package was about to be opened, and without notice and without fault or negligence on his part or that of Jesse A. Barnes, was thereby horribly mangled, bruised, and dismembered and killed by said package, delivered as aforesaid, by the defendant, its agents and servants.

"Plaintiffs further allege that at the time of the death of the said Jesse A. Barnes, Jr., as aforesaid, the said Jesse A. Barnes, Jr., during his entire natural life, would have aided and contributed by his time and labor, care, and attention to the financial and pecuniary aid of the plaintiff Dorothy Barnes Bonner; that, by reason of his duties and obligations while a minor, if he had not been killed, it would have been necessary for him to do what he could during his tender years and gradually more as he grew older for the support and comfort of the plaintiff Dorothy Barnes Bonner, and eventually as he approached his majority he would have been able to, and would have, supported and maintained her and increased her means and property; that, after he became of age, on account of his affection for plaintiff Dorothy Barnes Bonner, and because of her financial needs and necessities, would have voluntarily contributed to her aid, comfort, and support during the remainder of her natural life; that said Jesse A. Barnes, Jr., prior to his death, was a good sized boy for his age, was stout and healthy and energetic, possessed of good mind, judgment, and discretion; that he was kind and affectionate toward plaintiff Dorothy Barnes Bonner, and was willing to labor and did labor for and aid her; that he had a good prospect of full mental and physical development and long life, but, by reason of the wrongful, careless, malicious, false, and negligent acts and omissions of defendant, its agents, servants, and employees, said child was killed as aforesaid; that by reason of the horrible and cruel mangling, bodily dismemberment, crushes, bruises, and death of the said Jesse A. Barnes, Jr., plaintiff has suffered great disappointment, grief, mental pain, and anguish; that plaintiff Dorothy Barnes Bonner was at the time of the

---

⬭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 10, 1926.

death of Jesse A. Barnes, Jr.. a child 19 years of age, without property and means ·of support, and, after the death of Jesse A. Barnes was without a father, and would have been compelled to have depended on said Jesse A. Barnes, Jr., and his labors for support during his and their natural life; that plaintiff Dorothy Barnes Bonner is of frail physical constitution, and would have been dependent on the aid, labor, care, and attention of Jesse A. Barnes, Jr., for her support the same as her father, as herein alleged.

"Because of the untimely death of the said Jesse A. Barnes, Jr.. plaintiff Dorothy Barnes Bonner has been deprived of such financial support, assistance, and contribution, and further has been deprived of the companionship, love, and affection of her only brother during the remainder of her life, and has suffered great disappointment, grief, mental pain, and anguish, to her actual damage in the sum of $2,975."

[1] At common law there is no right of action for negligently killing a human being. Gutierrez v. Railway, 102 Tex. 378, 117 S. W. 426; National Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120, Ann. Cas. 1914B, 368; Elliott v. City of Brownwood, 106 Tex. 292, 166 S. W. 1129. In order to determine. the right of a party to recover, or the liability of a party for damages for negligently killing a human being, the statute alone is to be looked to for guidance and authority. State v. City of Fort Worth (Tex. Civ. App.) 193 S. W. 1143; Rev. Stats. § 4694, as amended by Act of 37th Leg. c. 109 (Vernon's Ann. Civ. St. Supp. 1922, art. 4694). The persons entitled to recover under the act cited are the surviving husband, wife, children, and parents of the person whose death shall have been caused by negligence, and shall be for their sole and exclusive benefit. Permission is given to institute such suits to the persons named and no others. Articles 4698 and 4699, Old Statutes; article 4675, Stats. of 1925.

[2, 3] Appellant Dorothy Barnes Bonner alleges that the deceased, Jesse A. Barnes, Jr., was her brother, only 7 years of age, and upon what authority she bases her claim for damages or upon what legal theory she bases a demand for damages is not disclosed in her pleadings or brief. The measure of damages in such cases is the present value of the pecuniary aid that the deceased would have contributed to the party seeking damages. Even if the sister was authorized under the statute to prosecute a suit for damages resulting from the death of a brother, there is no possible measure indicated by which a young married woman could claim damages for a minor who would in the nature of things be a burden rather than an aid, a liability rather than an asset, through the years of his infancy. The petition does not show any basis for any financial support that would ever be extended by the 7 year old child to his married sister.

[4] However negligent appellee may have been in receiving the box of explosives and delivering the same to the father of deceased, appellants had no authority under the statute to recover for the death of the minor, and, if they had, they fail to show any financial interest in his life. The brother, on reaching the earning age, would not have been under any legal or moral responsibility to contribute to the wants or desires of a married sister who had a husband to support her. The whole plea for damages was based on wild speculation and dreams of the future. The general demurrer was properly sustained.

The brief filed by appellee in this cause does not assail the right of a sister to recover for the death of her infant brother, but seems · to take it for granted that she could recover if the facts showed negligence upon the part of appellee. The petition is not assailed upon its failure to show any financial interest in the life of the minor brother, but it seems to be conceded by appellee that the allegations are sufficient along that line. The whole of the brief is devoted to an attempt to show that no negligence was alleged by appellants.

The judgment is affirmed.