## PEREZ et al. v. CENTRAL POWER & LIGHT CO.

No. 8429.

Court of Civil Appeals of Texas. San Antonio.
April 23, 1930.

Rehearing Denied May 9, 1930.

Greenwood & Lewis, of Harlingen, for appellants.

Du Val West, Jr., of Harlingen, and J. M. Wilson, of San Antonio, for appellee.

SMITH, J.

The appeal presents the sole contention that a sister may recover damages for the wrongful death of her 14 year old minor brother, without having legally adopted him as her son. This contention was rejected by the trial court.

As stated in her brief, appellant Elvira Perez "seeks to recover for his (the minor's) death alleging that said minor was her brother and that she stood in the position of loco parentis and that she also took the deceased when he was two years old and made a binding contract with the parents of said child before their death and at the time of their death to educate him, love him and perform all the duties of the mother for him, and to be considered as his mother and said minor to be considered as her son; that this contract was binding and permanent upon both parties and had been duly ratified and confirmed by the minor since said date; that carrying out said contract, she took the child at two years of age and has for 12 years, in all things, carried out said agreement, made both with the child and with his parents; that the contract is now fulfilled, he having performed his part of the contract and she her part."

■■ It is elemental that at common law no right of action existed for damages for fatal injuries wrongfully inflicted upon any person, and that such right of action may arise only through statutory enactment. The right of action was created and exists in Texas by virtue of a statute (article 4671,

R. S. 1925), but is restricted in its operation by the provision in article 4675, as amended by the Act of March 30, 1927 (Gen. Laws, 40th Leg. c. 239, p. 356), that "actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all."

Obviously appellant's allegations do not bring her within the class of persons prescribed in the statute, but, on the other hand, clearly exclude her therefrom. Taylor v. Deseve, 81 Tex. 249, 16 S. W. 1008; Yoakum v. Selph, 83 Tex. 607, 19 S. W. 145; Galveston, H. & S. A. R. Co. v. Le Gierse, 51 Tex. 189; Parker v. Dupree, 28 Tex. Civ. App. 341, 67 S. W. 185; Bonner v. Exp. Co. (Tex. Civ. App.) 286 S.W. 291 (error ref.).

The judgment is affirmed.