Joe GOSS, by and through Roger R. Walton, Next Friend, Appellant,

v.

E. J. FRANZ, Appellee.

No. 6557.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 23, 1956.

Rehearing Denied Feb. 20, 1956.

Allen & Allen, Perryton, for appellant.

Boyer & Lemon, Perryton, for appellee.

PITTS, Chief Justice.

This is a suit for damages resulting from the alleged wrongful death of Charles Reed Hollinger, growing out of a motor vehicle collision, filed by appellant, Joe Goss, a minor, by and through Roger R. Walton, as next friend, against appellee, E. J. Franz. Appellant claims the right to bring suit against appellee under the provisions of Article 4675, Vernon's Annotated Civil Statutes, which says in part:

> "Actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused * * *."

According to the record the child was not related to deceased but deceased had promised to adopt it. However, appellant admits that Joe Goss had never been legally adopted by Charles Reed Hollinger, deceased, but claims that he had been previously equitably adopted by deceased and was therefore entitled to maintain an action for damages against appellee by reason of the provisions of Article 4675.

Because of appellant's admissions that Joe Goss was not a legally adopted child and therefore bore no legal relationship to Charles Reed Hollinger, deceased, appellee filed a motion for a summary judgment. As a result of proper notice and a hearing had before the court without a jury on June 13, 1955, appellee's motion was sustained and he was granted a summary judgment denying Joe Goss any right of recovery, from which judgment appellant perfected an appeal.

Appellant presents one point of error on appeal contending in effect that the trial court erred because an equitably adopted child (Joe Goss) is a child within the meaning of Article 4675 and is therefore entitled to bring an action for the wrongful death

of its foster father, Charles Reed Hollinger, deceased, although it had not been legally adopted by deceased.

█ In our opinion the provisions of Article 4675 have been construed against the contentions here made by appellant. Perez v. Central Power & Light Co., Tex. Civ.App., 27 S.W.2d 641, writ refused, and Boudreaux v. Texas & N. O. R. Co., Tex. Civ.App., 78 S.W.2d 641, 642, writ refused. In the last case cited, it was claimed that a child-parent relationship existed between a child and its step-mother, although there had been no legal adoption proceedings, and the court said in part:

"Where the beneficiaries are specially named in a survival statute, 'the action cannot be maintained by, or for the benefit, of anyone not within the statutory designation.' * * * The allegation that the stepmother in her relation to the deceased stood in loco parentis [in the place of a parent] did not bring her within the provisions of article 4675. Perez v. Central Power & Light Co. (Tex.Civ.App.) 27 S.W.2d 641. * * * The following proposition from 8 R.C.L. 764, is in point: .'Nothing short of adoption in accordance with legal requirements will, however, enable a foster parent to maintain an action for the death of an adopted child. Hence, where a child has been cared for since early youth, and treated as a natural child, but no adoption proceedings have been had, an action may not be maintained.'"

In our opinion the same rule applies here preventing an action for recovery on behalf of a child who had never been legally adopted, although he had been cared for since early youth and treated as a natural child.

The same rule was applied to a very similar factual situation construing a statute that has a very similar provision to that found in Article 4675 in the case of Deatherage v. Fort Worth & D. C. Ry. Co., Tex.Civ.App., 154 S.W.2d 918, writ refused. That was a suit on behalf of two children who had never been legally adopted but had been cared for as natural children, seeking to recover under the provision of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 "for the benefit of the surviving * * * children of such employee", a similar provision to that found in Article 4675. The trial court there sustained a demurrer and dismissed the case. On appeal the court followed the logical reasoning of the Perez and Boudreaux cases and cited them both in support of its affirmance of the trial court's judgment.

█ The wisdom of a Legislative act is not a question for judicial determination but is a question solely within the determination of the Legislature. Rogers v. Texas Employers' Insurance Association, Tex.Civ.App., 224 S.W.2d 723, writ refused.

For the reasons stated, appellants point is overruled and the judgment of the trial court is affirmed.