**Robert L. AMOS et al., Appellant,**

v.

**CENTRAL FREIGHT LINES, INC., Appellee.**

**No. 17244.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 14, 1978.

Combs, Archer & Peterson, Stephen L. Swanson, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Robert C. Floyd, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment. Robert L. Amos brought suit as next friend for five minor children alleged to be the surviving children of the deceased, Mamie Diggins Amos, under the Wrongful Death and the Survival Statutes. The issue is whether children alleged to have been adopted by estoppel have a cause of action under Articles 4671, et seq. and 5525, V.A.T.S. The trial court determined that they did not and we affirm.

On or about August 28, 1974, Mamie Diggins Amos was killed in a pedestrian accident on Interstate Highway 10, in Houston, Texas, when she was struck by a truck driven by an agent of Central Freight Lines, Inc. She was survived by her husband Robert L. Amos, who filed suit for damages in his individual capacity, as representative of the estate of Mamie Diggins Amos, and as next friend of five minor children who are alleged to be the surviving children of the deceased. These children were not the natural born nor legally adopted children of Mamie Diggins Amos at the time of her death, but they had lived with Mr. and Mrs. Amos for a period of years and at the time of the death a petition for adoption had been filed by Mr. and Mrs. Amos.

After the suit was instituted, Central Freight Lines, Inc., filed a Motion for Summary Judgment based upon allegations that the five minor children were not entitled to recover damages because they were not the natural born nor legally adopted children of the deceased.

Two separate and distinct causes of action may arise where injuries wrongfully inflicted result in death. One is a common law action for damages sustained by the decedent and his estate as a result of the injuries. This cause of action survives to the heirs or legal representatives under the survival statute. The other right of action is conferred by the Wrongful Death Statute on named beneficiaries. *Landers v. B. F. Goodrich Co.*, 369 S.W.2d 33 (Tex.1963).

■ The trial court correctly held that as a matter of law these children were not entitled to recover under the provisions of Article 4675, V.A.T.S. because they were not natural born nor legally adopted children of the deceased. *Goss v. Franz*, 287 S.W.2d 289 (Tex.Civ.App.—Amarillo 1956, writ ref'd). As is the case with workman's compensation benefits, the right to recover death benefits under Article 4671, supra, is not obtained through inheritance but is conferred by statute. See, *Patton v. Shamburger*, 431 S.W.2d 506 (Tex.1968).

Article 4675, supra, provides that actions for damages arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all. The cause of action is purely statutory and does not inure to the benefit of the children by reason of inheritance.

■ Summary judgment evidence in the form of certified copies of court documents in an adoption proceeding pending at the death of the deceased conclusively established two essential facts; first, that none of the children were the natural children of the deceased, and, second, that no formal adoption of any of these children had been consummated at the time of Mrs. Amos death. These two facts were sufficient to demonstrate that no issue of material fact existed as to appellants lack of legal capacity to assert a cause of action under the Wrongful Death Act.

Article 5525, V.A.T.S., does not use the word "children" but provides that a cause of action for personal injury shall not abate by reason of the death of the injured person, and that the cause of action shall survive to "the heirs and legal representatives and estate of such injured party."

The Texas Probate Code defines "child" as including "an adopted child, whether adopted by any existing or former statutory procedure or by acts of estoppel—". Texas Probate Code Annotated, Section 3(b). By reason of this statute a child adopted "by acts of estoppel" is entitled to share the estate of his adopted parent. Such a child would therefore be entitled to participate in any recovery under Article 5525, supra.

While Section 3(b) and Section 40 of the Probate Code, Vernon's Civil Statutes, would appear to consider children, who are equitably adopted the legal heirs of the adopting parents, this matter is far from clear. In *Heien v. Crabtree*, 369 S.W.2d 28 (1963) the Supreme Court of Texas considered those sections of the Probate Code and stated that the language used indicated a legislative assumption that our courts had held that a child may be adopted by acts of estoppel, and that a legal status of parent and child is thereby created. The court, however, held that this was not the effect of their prior decisions. The court stated that the descriptive phrases, "equitable adoption", "adoption by estoppel," and "adoptive status", are used in decided cases strictly as a shorthand method of saying that because of the promises, acts and conduct of an intestate person, those claiming under and through him are estopped to assert that a child was not legally adopted or did not occupy the status of an adopted child. The question decided in the *Heien* case was whether a legal status of parent and child is created by parties assuming and living in a relationship of parent and child pursuant to an unperformed agreement to adopt the child. The court held that the legal status of parent and child was not created by those circumstances and refused to sustain the claim of the heirs of Frank and Rosa Fry who were asserting a right of intestate succession to the estate of R. F. Fry, who was alleged to have been the child of Frank and Rosa Fry by reason of estoppel.

■ The children in the case before this court might have a cause of action against the heirs or legal representatives of Mrs. Amos for their share of damages recovered under Article 5525, supra, since they could assert an estoppel, a question we do not decide. We are not presented with the question of whether the children can maintain a suit to recover damages as allowed by Article 5525. The petition filed does not

allege that these children are heirs of the estate of Mrs. Amos. The petition alleges that they are her children. The summary judgment evidence establishes that they do not occupy the legal status of children, and no other facts are alleged which would bring them within the term "heirs".

The only damages sought which might be recovered by reason of Article 5525 consisted of damages to an automobile and funeral expenses. The suit was prosecuted by Robert L. Amos, the husband, and a judgment was entered reciting that the controversy between the plaintiff and the defendant has been compromised and settled and that by reason thereof a take nothing judgment was ordered. The petition shows that he sued as representative of the estate of Mamie Amos and the judgment recites that he appeared as the representative of the estate. He was clearly entitled to bring suit in that capacity for all interested parties. The trial court did not err in entering the summary judgment.

The judgment is affirmed.