Linda V. BYRNES

v.

**FORD MOTOR COMPANY, et al.**

Civ. A. No. B–84–336–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 13, 1986.

Sylvia M. Demarest, Dallas, Tex., for plaintiff.

Eugene W. Brees, II, Thompson & Knight, Dallas Tex., and Sandra F. Clark, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

On June 19, 1982, the plaintiff's husband, natural child, and Daniel Patrick, a to-be-adopted child, died in an automobile accident. The plaintiff contends these deaths were caused by various acts and omissions for which the defendant Ford Motor Company is legally responsible.

The defendant Ford Motor Company has now moved for partial summary judgment regarding two different aspects of this factually and legally complex case. Ford's first motion involves the issue of whether the plaintiff can assert a claim under the Texas Wrongful Death Statute, § 71.004, and the Texas Survival Statute, § 71.021 of the *Civil Practice and Remedies Code*, for the death of Daniel Patrick. Ford contends that although substantially all of the statutory procedures for adoption had been complied with, the plaintiff's wrongful death claim is barred because the six-month period required by § 16.04 of the Texas Family Code had not expired at the time of the accident, and the adoption had not become final.

Ford's second point for partial summary judgment involves the issue of whether the plaintiff is precluded from asserting a Deceptive Trade Practices Action under the Texas Wrongful Death and survival statutes.

## I. THE PLAINTIFF'S CLAIM UNDER THE TEXAS WRONGFUL DEATH STATUTE FOR THE DEATH OF DANIEL PATRICK BYRNES.

It is undisputed that the formal adoption of Daniel Patrick Byrnes had not been fully consummated at the time of the accident, since a final adoption decree had not been entered by a Texas court. It is asserted by the plaintiff that but for the accident, an adoption decree in all probability would have been entered. Supporting its contention the wrongful death claim is barred, Ford relies on *Amos v. Central Freight Lines, Inc.*, 575 S.W.2d 636 (Tex. App.—Houston [1st Dist.] 1978, no writ). In *Amos*, the court held there was no authority under the wrongful death statute for such an action where no formal adoption had been finally completed pursuant to the Texas Family Code. The minor plaintiffs in *Amos* were living with Ms. Amos before the accident, and a petition had been filed to adopt them. However, the *Amos* opinion does not state the procedural status of the adoption proceedings when the death of Mrs. Amos occurred.

Other Texas courts have held the class of beneficiaries named in Art. 4675, now § 71.004 of the *Texas Civil Practice and Remedies Code*, is very specific, and in the absence of a formal adoption decree, a non-natural child does not meet the statutory language. *See, Goss v. Franz*, 287 S.W.2d 289 (Tex.Civ.App.—Amarillo 1956, writ ref'd), and *Boudreaux v. Texas & N.O. Ry. Co.*, 78 S.W.2d 641 (Tex.Civ.App.—Beaumont 1935, writ ref'd). Moreover, § 71.-004(a) states that "An action to recover damages as provided by this subchapter is for the *exclusive* benefit of the surviving

spouse, *children* and parents of the deceased." (emphasis added).

In *Amos v. Central Freight Lines, Inc.,* *supra,* the court defined the issue as being whether children alleged to have been adopted by estoppel have a cause of action under Art. 4675, now § 71.004. The *Amos* court answered in the negative, affirming the trial court's dismissal of the plaintiff's claim despite the estoppel argument. The plaintiff Linda Byrnes cannot maintain an action for the death of Daniel Patrick Byrnes under the Texas Wrongful Death Statute, because the deceased was not the natural child of the plaintiff, no formal adoption of the deceased had been consummated at the time of his fatal accident, and finally, Texas courts do not place equitably adopted children within the terms of the Texas Wrongful Death Statute.

## II. PLAINTIFF'S CLAIM UNDER THE TEXAS SURVIVAL STATUTE, AS A LEGAL REPRESENTATIVE FOR THE ESTATE OF DANIEL PATRICK BYRNES

Plaintiff Linda Byrnes has made a claim under the Texas Survival Statute, Art. 5525, now § 71.021, for the Estate of Daniel Patrick, as the legal representative or heir of that Estate. Ford again contends that because all of the prerequisites for the formal adoption of Daniel Patrick were not complied with, plaintiff cannot maintain a survival action on behalf of the decedent's estate. The plaintiff, of course, maintains that it would be proper for her to bring a survival action on behalf of Daniel's estate, and also she contests the defendant's standing to challenge the plaintiff's right to act on behalf of the estate.

In beginning an analysis of this question, it is important to note that the parental rights of the natural parents were terminated prior to the plaintiff and her deceased husband gaining custody of the decedent Daniel Patrick. This fact precludes the natural parents or their heirs from asserting any interest in the estate; thus, the only possible heir of the estate would be the plaintiff if, and only if, she could

establish an equitable adoption in a Texas Probate Court when the Estate of Daniel Patrick is finally closed. Moreover, there is no doubt that the estate has suffered some damage if the defendant is found liable for causing the occurrence.

As noted in *Amos, supra,* the survival action is to be maintained by the heirs or the legal representatives of the estate of the injured party. The *Amos* court declined to decide whether the children could bring a survival action, but noted that possibility under Texas law. It also recognized that such equitably adopted children might participate in any recovery gained under Art. 5525, and it seems clear that but for the decision in *Hein v. Crabtree,* 369 S.W.2d 28 (Tex.1963), the court in *Amos* would have been more certain of this. However, whether an equitable adoption has in fact occurred is not the question presented to this court. It must only be decided whether the plaintiff has a legal right to bring the survival action for the Estate of Daniel Patrick Byrnes.

After fully reviewing Texas law, this court has not found a Texas case decisive of this issue, nor have the parties cited a decisive precedent. Under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its offspring, it is this court's duty to predict what the Texas Supreme Court would do when and if faced with the same issue. It is the conclusion of this court the plaintiff should be allowed to bring the survival action with any recovery flowing to the estate by way of verdict or settlement being placed in the registry of the proper Texas Probate Court, and held there until such court properly distributes any recovery.

There is no indication that the plaintiff will not adequately represent the estate's interest, nor should there be, as the plaintiff might be entitled to such an award.

The defendant denies the plaintiff Linda Byrnes has standing to assert a survival claim on behalf of the estate. However, under the facts in this case, there is no such person who has a more fundamental interest in the outcome of the lawsuit than

the plaintiff Linda Byrnes. Moreover, no authority has been shown to this court which would permit Ford to contest the standing of the plaintiff Linda Byrnes to bring such an action.

In essence, if the plaintiff Linda Byrnes is not permitted to represent the Estate of Daniel Patrick, no person will be able to bring such an action on behalf of his estate. This court sees no other alternative but to allow Linda Byrnes to act as legal representative of the Estate, and to place any recovery in the proper probate court's registry.

### III. THE PLAINTIFF'S DTPA CLAIM SEEKING DAMAGES FOR THE DEATH OF HER HUSBAND AND NATURAL CHILD.

■ It is clear that under certain circumstances, personal injury damages are recoverable under the Texas Deceptive Trade Practices Act. *See, Keller Industries Inc. v. O.O. Reeves*, 656 S.W.2d 221, (Tex.App. —San Antonio 1983, writ ref'd n.r.e.), at page 224, listing numerous cases recognizing personal injury damages suffered by a consumer for physical pain and suffering, mental anguish and property damages. Thus, the plaintiff Linda Byrnes has a Deceptive Trade Practices Act claim against the defendant in that regard, assuming she offers proof of such damage and gains a finding of liability. However, there are no cases pointing to a recovery for loss of consortium or society or any other typical death damages for a violation of the Deceptive Trade Practices Act.

What elements of damages this court will charge the jury on in this case under the theories of liability presented is not yet at issue. This court merely determines at this juncture the plaintiff can maintain a DTPA claim, bearing in mind that each theory of liability urged is separate and distinct.

Assuming that a jury finds the defendant liable on both theories, i.e., wrongful death and DTPA, there will be some overlap of the damage elements for each theory of liability. This can be controlled through instructions and the damage interrogatories given to the jury, but in no event will the plaintiff be entitled to a double recovery or the usage of the DTPA's trebling provision on any element of damage which is not proper under the Act.

### IV. PLAINTIFF'S CLAIM UNDER THE TEXAS DECEPTIVE TRADE PRACTICES ACT IN CONJUNCTION WITH THE DECEDENT'S SURVIVAL ACTIONS.

■ The plaintiff has filed a survival action in behalf of the decedents for a cause of action arising out of the Deceptive Trade Practices Act. § 17.41 et seq. of the V.T.C.A. The defendant has moved for summary judgment, arguing that such a claim does not survive to the estates. Because none of the decedents were consumers as defined by § 17.45(4) of the Act, this court does not reach the issue of survivability of a D.T.P.A. claim. It is clear that to maintain an action under the D.T.P.A., one must be a consumer (i.e., "one who seeks or acquires by purchase or lease any goods or services ..."). It is undisputed that these decedents were not the consumers of the Ford product in question. Therefore, it follows that the decedents would not have a cause of action under the Deceptive Trade Practices Act, even if they remained alive. Logic compels this court to hold that the decedents or their estates do not have a cause of action arising out of the Deceptive Trade Practices Act, and that defendant's motion for summary judgment is appropriate.

It is ORDERED that the parties to this suit submit proposed orders consistent with this opinion.