PIERCE v. CONNERS.

1. DAMAGE ACT OF 1877—COMPLAINT.
The averments of the complaint in this case considered and held to state facts sufficient to constitute a cause of action.
2. NEGLIGENCE—MASTER AND SERVANT—PROXIMATE CAUSE.
It is negligence to leave a team of spirited high-lived horses unhitched and uncared for by the side of a public highway; the master's liability for the negligence of his servant, and also the proximate cause of the injury, considered.
3. NEGLIGENCE OF CHILD.
The law does not exact the same degree of care and diligence from a child of tender years that it does from an adult person of presumed judgment and discretion.

4. DAMAGES FROM DEATH OF CHILD.

Where a parent sues for damages resulting from the death of a minor child, evidence of the value of the child's services until it attains its majority, is admissible, though the recovery is not necessarily limited to the value of such services.

5. MEASURE OF RECOVERY UNDER ACT OF 1877.

The true measure of recovery is a sum equal to the net pecuniary benefit which plaintiff might reasonably have expected to receive from the deceased in case his life had not been terminated by the wrongful act, neglect or default of defendant; but the recovery allowable is in no sense a *solatium* for the grief of the living occasioned by the death of the relative or friend, however dear. Some of the circumstances and contingencies by which the damages to be awarded may be approximated are pointed out in the opinion.

6. PARTY ENTITLED TO SUE.

If the deceased be a minor, the father and mother *may join* in the suit and each *shall have* an equal interest in the judgment; but the joining of the father and mother is permissive, not imperative; either may sue alone.

7. APPLICATION TO BE MADE PARTY.

A parent not joined, but entitled to join, in such suit may be made a party on his or her application at any time, even after judgment or after review in an appellate court, for the purpose of protecting the interest which he or she may have in the judgment.

8. NOT PREJUDICED BY NONJOINDER.

The joinder or nonjoinder of a parent in such action is material only to the parents themselves; the defendant cannot be prejudiced by the nonjoinder of one of them; the measure of recovery is the same whether the action be brought in the name of one or both; the defendant can only be subjected to a single suit.

*Appeal from the District Court of Lake County.*

ACTION under the statute by a father to recover damages for negligently causing the death of his infant child. Verdict and judgment for plaintiff. Defendant appeals. The facts sufficiently appear in the opinion.

Mr. A. S. WESTON, for appellant.

Mr. A. S. BLAKE and Mr. A. J. STERLING, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The overruling of the general demurrer to the complaint is assigned for error.

1. Among other things the complaint states in substance that defendant Pierce owned and kept a team of horses; that the horses were fiery and fractious; that while they were in charge of a driver employed by defendant for the purpose of delivering lumber to his customers, and engaged in that business, the driver left them standing by the roadside without being hitched or secured in any way, and without any person to hold or take care of them; and that while they were thus left unhitched and uncared for, they ran away.

The complaint further shows that Mary Ellen Conners, daughter of plaintiff, a child about seven years old, was on the street at the time defendant's team ran away; that she was upon the path usually traveled by people going afoot along said street, and was not in that part of the road used by wagons and carriages; that while on said path and out of the way of teams passing along the road, defendant's team running away as aforesaid came along the road and coming near another team hauling a heavily loaded ore wagon, made a bound off the road and up on the bank or path where the child was, and struck her and thereby knocked her down into the road where she was struck and crushed by the wheel of the ore wagon, and thereby injured so that from the injuries thus received she died a few days thereafter. It is unnecessary to state further in detail the averments of the complaint; the facts alleged were sufficient in substance to constitute a cause of action, and the demurrer was properly overruled.

2. The evidence sustained plaintiff's cause in substance as alleged. The horses were a spirited, high-lived team; it was negligence to leave them unhitched and uncared for by the side of the public highway. This act of negligence was committed by the servant while intrusted with his master's team, and employed in and about his master's business. It was an act within the scope of his employment; and, hence, the master was responsible for the negligence. So, too, leaving the horses unhitched and uncared for, whereby they ran away and drove or knocked the child under the wheel of the ore wagon, was the proximate cause of the injury. The fact

that the injury was inflicted by the ore wagon does not relieve the party responsible for the original act of negligence. The evidence does not disclose any negligence on the part of the driver of the ore wagon. Neither does the fact that the Hannen boy took hold of the lines of defendant's team and so caused them to start and run away, relieve the party liable for the original act of negligence; the age of the boy has not been disclosed on this appeal; the father in testifying spoke of the boy as a " kid;" the driver should have so secured the horses that a mere child could not have thus caused them to run away.

3. Nothing in the evidence tends to show that the Conners child was guilty of contributory negligence; she was upon the usually traveled foot path by the side of the public highway in a rural neighborhood; she was where she had a right to be, and the evidence does not show that she did anything amiss.    It is true, an adult person might have escaped; but the law does not exact the same degree of care and diligence from a child of tender years that it does from an adult person of presumed better judgment and discretion.    All the facts of the case are practically undisputed, and the law applicable thereto is purely elementary.    Shear. & Redfield on Neg., sec. 10 ; 2 Thomp. on Neg., 1140.

4. The trial court did not err in admitting evidence of the value of the services of a girl like the deceased from the age of seven years to the age of eighteen, though the law does not necessarily limit the recovery to the value of such services.    The act of 1877 (Gen. Laws, p. 343), under which this action was brought, fixes the maximum limit of recovery in cases of this kind at $5,000, and the damages allowable under section 3 are compensatory, not exemplary or punitive.    This subject was much considered in *Moffatt v. Tenney*, 17 Colo. 189 ; and, again, in *Hayes v. Williams*, 17 Colo. 468.    In each of the foregoing cases the action was by the wife for damages resulting to her from the death of her husband.    But in *D. S. P. & P. R. Co. v. Wilson et ux.*, 12 Colo. 20, the action was by the father and mother for dam-

ages resulting to them from the death of their son, a young man twenty-five years of age and unmarried; and it was said the parents were entitled to recover " their pecuniary loss " resulting from the death of their son. See, also, *Orman v. Mannix*, 17 Colo. 564.

5. The true measure of compensatory relief in an action of this kind, under the act of 1877, *supra*, is a sum equal to the net pecuniary benefit which plaintiff might reasonably have expected to receive from the deceased in case his life had not been terminated by the wrongful act, neglect or default of the defendant. Such sum will depend on a variety of circumstances and future contingencies, and will, therefore, be difficult of exact ascertainment; but the damages to be awarded in each case may be approximated by considering the age, health, condition in life, habits of industry or otherwise, ability to earn money, on the part of the deceased, including his or her disposition to aid or assist the plaintiff; not only the kinship or legal relation between the deceased and the plaintiff, but the actual relations between them as manifested by acts of pecuniary assistance rendered by the deceased to the plaintiff, and also contrary acts may be taken into consideration. But it must be borne in mind that the recovery allowable is in no sense a *solatium* for the grief of the living occasioned by the death of the relative or friend, however dear. It is only for the pecuniary loss resulting to the living party entitled to sue resulting from the death of the deceased that the statute affords compensation. This may seem cold and mercenary, but it is unquestionably the law.

From a careful consideration of the rulings of the court at the trial, and the instructions to the jury, no substantial error appears. The rulings and instructions were as favorable to defendant as the law required.

6. Only one further assignment of error requires discussion. The question arose as follows:

Defendant's answer specially alleged a defect of parties plaintiff, in this, that " the wife of the plaintiff and the

mother of the deceased, Mary Ellen Conners, is living and that she has a joint and equal interest with the plaintiff in the subject-matter of the action, and in whatever judgment may be recovered therein." The replication did not deny that the mother was living, but denied that she had an equal interest or any interest whatever in the subject-matter of the suit, or in any judgment which might be recovered. Such denial presented a peculiar issue, which should have been determined, if at all, before the trial was entered upon. But it does not appear that the attention of the trial court was called to the state of the pleadings in this respect, until after the taking of testimony was commenced before the jury. A certain question was then propounded to the plaintiff, as a witness, and was objected to on the ground that the mother had not been made a party. The court overruled the objection, and this ruling is assigned for error.

The statute giving the right of action in cases of this kind designates the party or parties entitled to sue. It provides, *inter alia*, that if the deceased be a minor or unmarried, the suit is to be brought " by the father *and* mother who may join in the suit and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor." Gen. Laws (1877), p. 343.

The true reading of the statute is " father *and* mother; " such is the language of the first official publication; and such is the language of the enrolled bill in the office of the secretary of state, though in General Statutes (1883), sec. 1030, and also in Mills' An. Statutes, sec. 1508, the reading is "father *or* mother."

It is true, the code requires that every civil action, except as otherwise provided in the code itself, shall be prosecuted in the name of the real party in interest; also, that those who are united in interest shall be joined as plaintiffs or defendants; and that if a party who should join as plaintiff will not do so, he may be made a defendant, the reasons therefor being stated in the complaint. Code, secs. 3 and 12. But section 9 of the code (original section 10.) provides that

" a father, or in case of his death or desertion of his family, the mother, may maintain an action for the injury or *death* of a child." All these provisions of the code were originally enacted ten days subsequent to the passage of the damage act, *supra;* and were also re-enacted ten years afterwards. See damage act, *supra,* approved March 7, 1877 ; original code, approved March 17, 1877 ; also code of 1877.

The plea of defect of parties in this case was not a plea in bar, nor was it sufficient to abate the action ; it could have been avoided at any time by bringing in the mother as a party either as plaintiff or defendant. Code, sec. 16. But was it error to disregard the plea and the objection to testimony, without requiring the mother to be joined as a party ?

7. The provisions of the damage act and of the code above mentioned being to a certain extent *in pari materia,* are to be construed together. The task is difficult, the provisions being peculiar and somewhat incongruous. Our conclusions, however, are that while the father and mother *may join* in a suit of this kind, it is not essential that they should so join. The joining of the father and mother appears to be permissive, not imperative. It is clear that under certain circumstances one parent has the right to sue alone. In general, the better practice is for the parents to join, since the statute permits them to do so ; and where a parent not joined applies to be made a party, such application should be granted, unless resisted upon some legal ground—as that such parent has deserted his family—and such application may be presented at any time, even after judgment, or after review in an appellate court, for the purpose of protecting the interest which the party so applying may have in the judgment recovered. For it is to be observed that while the code permits the father, and, under certain circumstances, the mother, to sue alone, it does not deprive the parent not joined of that *equal interest in the judgment* which the damage act says each *shall have;* nor is there room for inference that either parent is to be so deprived, except in case of a parent deserting the family.

In this case the mother made no application to be joined as a party in the lower court. It may be supposed, therefore, that she was *then* willing that her husband should sue for her interest as well as for his own. If this supposition be wrong, or if the mother *now* desires to have her equal interest in the judgment protected, she may apply therefor upon the remanding of this cause.

The wife, though a proper party, was not a necessary party. The plea of nonjoinder being interposed by the defendant was not, therefore, fatal to the maintenance of the action; and the court did not err in overruling defendant's objection and in proceeding with the trial notwithstanding such plea. If the objection had come from the mother, a very different question would have been presented.

8. The conclusion at which we have arrived can work no hardship to the defendant. The joinder or nonjoinder of a parent in an action of this kind is material only to the parents themselves. Since either or both may sue, the defendant cannot be affected or prejudiced whichever course they may take; the grounds and measure of recovery are the same in either case, and the defendant can only be subjected to a single suit.

The judgment of the district court is affirmed and the cause remanded.

*Affirmed.*