No. 19,235.

ANE D. CLINT *v.* DANIEL ROBERT STOLWORTHY BY HIS NEXT FRIEND, JUNUETTA B. GREENWOOD.

(357 P. [2d] 649)

Decided December 12, 1960.   Rehearing denied December 30, 1960.

Mr. JOSEPH A. MYERS, Mr. H. D. REED, for plaintiff in error.

Messrs. BARRY, DAWKINS AND BOYLE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

We will refer to the parties as they appeared in the trial court where defendant in error was plaintiff and plaintiff in error was defendant.

All pertinent facts were submitted to the trial court upon stipulation of the parties. In essence they are as follows:

The plaintiff, a minor, is the son of David K. Clint, Jr., deceased. Said decedent and plaintiff's mother were formerly husband and wife and their marriage was terminated in divorce. At the time of the divorce an agreement was entered into between the parents by which the father made certain provisions for the support of the minor child. The provisions thus made did not take the form of monthly payments but consisted of the conveyance of real estate from the father to the mother. The property settlement was fully performed by the parties thereto. Plaintiff lived apart from his father who made no contribution to his son's support except as provided by the agreement with the mother. The mother remarried and caused plaintiff's surname to be changed from Clint to Stolworthy.

The father married the defendant. Thereafter he was killed while riding on a railroad train and defendant as his widow brought an action to recover damages for his wrongful death. She was awarded judgment in the amount of $10,000.00 from which she received the net sum of $5,298.25 after payment of attorneys' fees and other expenses which were conceded to be necessary and reasonable. Plaintiff, minor son of the deceased Clint, brought this action by his mother to share in this net recovery to the extent of one-fourth thereof, being the proportionate amount to which he would be entitled in accordance with the statute of descent and distribution.

C.R.S. 1953, 41-1-1 (1) provides in pertinent part:

"Whenever any person shall die from any injury resulting from or occasioned by the negligence * * * of any officer, agent, servant or employee, while running * * *

any locomotive, car or train of cars, * * * the corporation, or individuals in whose employ any such officer, agent, servant, employee * * * shall be at the time such injury is committed * * * shall forfeit and pay for every person and passenger so injured the sum of not exceeding ten thousand dollars, and not less than three thousand dollars, which may be sued for and recovered:

"(a)  By the husband or wife of deceased; or

"(b)  If there be no husband or wife, or he or she fails to sue within one year after such death, then by the heir or heirs of the deceased; or

"(c)  If such deceased be a minor or unmarried, then by the father or mother who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor.

"(2)  * * * If the action under this section shall be brought by the husband or wife of deceased, the judgment obtained in said action shall be owned by such persons as are heirs at law of said deceased under the statutes of descents and distributions, and shall be divided among such heirs at law in the same manner as real estate is divided according to said statute of descents and distributions."

It is clear that the above statute imposes liability as a penalty, and pecuniary loss or compensatory damages do not form the basis of recovery. The amount of recovery under this section depends on the degree of culpability of the defendant. *Denver and Rio Grande Railroad Company v. Frederic*, 57 Colo. 90, 140 Pac. 463.

C.R.S. '53, 41-1-2, provides:

"Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued,

shall be liable to an action for damages notwithstanding the death of the party injured."

C.R.S. '53, 41-1-3, reads in pertinent part:

"All damages accruing under section 41-1-2 shall be sued for and recovered by the same parties and in the same manner as provided in section 41-1-1, and in every such action the jury may give such damages as they may deem fair and just, * * * to the surviving parties, who may be entitled to sue; * * *."

This section then provides that no recovery shall be had under both sections of the act, and that, " * * * plaintiff shall be required to elect under which section he will proceed." In the instant action the plaintiff elected to proceed under C.R.S. 41-1-2.

### Question to be Determined.

*Do the proceeds of a judgment obtained by a widow and based only on her pecuniary loss under Sections 41-1-2 and 41-1-3 belong solely to her, or is the judgment to be owned by and divided among the heirs as provided in 41-1-1, even though heirs other than the widow personally suffered no pecuniary loss?*

We hold that the proceeds of such a judgment are owned by and are to be divided among the heirs pursuant to the mandate of 41-1-3, which decrees that the judgment "shall be sued for and recovered by the same parties and in the same manner as provided in 41-1-1." This latter section requires proportionate division among the heirs.

The right to maintain an action for wrongful death did not exist at the common law, and we look exclusively to the terms of the statute for direction as to the distribution to be made of moneys recovered thereunder. The statute must be construed as one act and each section construed as it is connected with and related to the whole act.

We think the trial court correctly construed the act. The "Conclusions and Judgment" there entered contain

the following language which we approve and adopt as part of this opinion:

"The Colorado Death Act is both penal and remedial in nature. Section 41-1-1 is purely penal, and recovery may be had under the section without any proof whatever of damages. Section 41-1-2 is remedial, the recovery being limited by Section 41-1-3 to the pecuniary loss resulting from the death to the party who may be entitled to sue. *Denver & R.G.R.R. vs. Frederic,* 57 Colo. 90, 140 Pac. 463; *Hayes vs. Williams,* 17 Colo. 465, 30 Pac. 352; *Denver & R.G.R.R. vs. Spencer,* 25 Colo. 952, Pac. 211; *Denver & R.G.R.R. vs. Spencer,* 27 Colo. 313, 61 Pac. 606; *Pierce vs. Conners,* 20 Colo. 178, 37 Pac. 721.

"The parties who may be entitled to sue are the same whether the case is brought under Section 41-1-1 or Sections 41-1-2 and 41-1-3. *Grogan vs. Denver & R.G.R.R.,* 56 Colo. 450, 138 Pac. 764. And the subdivisions of 41-1-1 are intended to take rank and have effect in the order in which they occur. *Hopper vs. Denver & R.G.R.R.,* 155 Fed. 273.

"Therefore, during the first year after the accrual of the cause of action the right to sue is vested in the widow, to the exclusion of all others, and an action under the statute must properly and necessarily be brought in the name of the wife of the decedent. *Drake vs. Hodges,* 114 Colo. 10, 161 Pac. (2d) 338; *Hindry vs. Holt,* 24 Colo. 464, 51 Pac. 1002.

"The bringing of an action by the party entitled to sue under the provisions of 41-1-2 and 41-1-3 does not deprive other parties of the interest in the judgment which they are given by 41-1-1. *Pierce vs. Conners,* supra; *Phillips vs. Denver Co.,* 53 Colo. 458, 128 Pac. 460.

"It is clear, then, that Sections 41-1-1 and 41-1-3 complement each other and are to be construed together, Section 41-1-1 providing (1) who may bring the action and (2) the method of distributing the amount recovered; while Section 41-1-3 provides the method of determining the amount of the damages to be recovered.

■ "It is, therefore, the opinion of this Court that any recovery under Sections 41-1-2 and 41-1-3 is controlled and must be distributed under the provisions of Section 41-1-1, this without regard to whether or not an heir entitled to share suffered damages."

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.