Opinion by
Mr. Justice Moore.
Plaintiff in error will be referred to as the defendant, and defendants in error as the plaintiffs.
This was an action brought by the plaintiffs to recover damages resulting from the “wrongful death” of one Mabel G. Baldwin. One of the plaintiffs was the *505 executrix of the estate. All of the plaintiffs were heirs at law of Mabel G. Baldwin and they alleged that her death was caused by the negligence of the defendant.
The trial was to the court without a jury and judgment was entered in favor of the executrix for the amount the estate was required to expend for hospital and medical expenses in connection with the accident which resulted in the death of Mrs. Baldwin, and also for the expenses of burial. No error is assigned with reference to that portion of the judgment.
The trial court entered judgment in favor of the heirs at law in the sum of $4,200, and the defendant seeks reversal thereof on the ground that there is insufficient evidence of pecuniary loss to sustain it.
Pertinent statutory provisions are as follows:
C.R.S. 1963, 41-1-1(2):
“* * * If the action under this section shall be brought by the husband or wife of deceased, the judgment obtained in said action shall be owned by such persons as are heirs at law of said deceased under the statute of descents and distributions, and shall be divided among such heirs at law in the same manner as real estate is divided according to said statute of descents and distributions.”
41-1-2:
“ACTION NOTWITHSTANDING DEATH. Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured.”
41-1-3:
“LIMITATION ON DAMAGES. (1) All damages accruing under section 41-1-2 shall be sued for and re *506 covered by the same parties and in the same manner as provided in section 41-1-1, and in every such action the jury may give such damages as they may deem fair and just, not exceeding twenty-five thousand dollars, with reference to the necessary injury resulting from such death, to the surviving parties, who may be entitled to sue; * *
We have held that the damages collectible under C.R.S. 1963, 41-1-2, are compensatory only; pecuniary loss must be shown by those who bring the action. In the instant case a daughter and three grandchildren of the deceased did not show that they had suffered any pecuniary loss. With reference to the other heirs there was competent evidence upon which the trial court was justified in making a finding that pecuniary loss had been sustained.
In Clint v. Stolworthy, 144 Colo. 597, 357 P.2d 649, the question for determination was stated as follows:
“Do the proceeds of a judgment obtained by a widow and based only on her pecuniary loss under Sections 41-1-2 and 41-1-3 belong solely to her, or is the judgrrient to be owned by and divided among the heirs as provided in 41-1-1, even though heirs other than the widow personally suffered! no pecuniary loss?”
The answer to this query was stated in the following language:
“We hold that the proceeds of such a judgment are owned by and are to be divided among the heirs pursuant to the mandate of 41-1-3, which decrees that the judgment ‘shall be sued for and recovered by the same parties and in the same manner as provided in 41-1-1.’ This latter section requires proportionate division among the heirs.
“The right to maintain an action for wrongful death did not exist at the common law, and we look exclusively to the terms of the statute for direction as to the distribution to be made of moneys recovered thereunder. The statute must be construed as one act and each sec *507 tion construed as it is connected with and related to the whole act.”
There was sufficient evidence of pecuniary loss on the part of the heirs at law to sustain the judgment, and the heirs at law who sustained no loss under the above mentioned opinion (and others referred to therein) are also entitled to share in the judgment.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Frantz concur.