554 P.2d 698 (1976)
William H. PECK and Carol Ann Isaac, Plaintiffs-Appellants,
v.
Evonne Mary TAYLOR and Cherry Creek School District #5, Defendants-Appellees.
No. 75-796.
Colorado Court of Appeals, Div. II.
July 1, 1976.
Rehearing Denied July 22, 1976.
Certiorari Denied September 20, 1976.
Nathan Davidovich, P.C., Denver, for plaintiffs-appellants.
Montgomery Little Young Campbell & McGrew, P.C., Robert R. Montgomery, Denver, for defendants-appellees.
Selected for Official Publication.
*699 VanCISE, Judge.
Lillian Marjorie Peck died in February 1973, allegedly as a direct result of injuries sustained in a collision between the car in which she was a passenger and a school bus driven by defendant, Evonne Mary Taylor. In July 1974, her surviving spouse, William H. Peck, and her daughter, Carol Ann Isaac, instituted this action against Taylor and her employer, Cherry Creek School District No. 5. The first claim is for wrongful death, and both plaintiffs seek damages for their losses resulting therefrom. The second claim is by the daughter for her own personal injuries incurred in the same accident.
On defendants' motion, the court dismissed the claim of the surviving spouse on the ground that, inasmuch as he did not institute an action during the first year after the accident and the daughter has sued, he has no standing to be a party at this time. Leave was granted to the spouse to intervene in the action later in the event the daughter should elect to abandon the litigation. The spouse appeals this judgment of dismissal. We reverse.
The issue in this case is whether a wrongful death action instituted the second year after the death by both the surviving spouse and the daughter as co-plaintiffs can be maintained by both plaintiffs.
Section 13-21-201(1), C.R.S.1973, specifies that an action for wrongful death may be brought:
"(a) By the husband or wife of deceased; or
(b) If there is no husband or wife, or he or she fails to sue within one year after such death, then by the heir or heirs of the deceased...."
This statute has been interpreted by our Supreme Court in numerous decisions. From these, it is clear that the surviving spouse has the exclusive right to bring the action within the first year from the date of death, Clint v. Stolworthy, 144 Colo. 597, 357 P.2d 649, and that the right to sue of the heirs (interpreted as lineal descendants for the purposes of this portion of the statute, McGill v. General Motors Corp., 174 Colo. 388, 484 P.2d 790) depends on either there being no surviving spouse or on the spouse's not having sued during the first year. Hayes v. Williams, 17 Colo. 465, 30 P. 352. And, if the spouse does not sue within the first year, the heir or heirs may bring an action during the second year, but, if the heirs have not instituted proceedings, the spouse can maintain an action at any time before the expiration of the two years. Hayes v. Williams, supra. Hence, had the husband been the only plaintiff, he would have been entitled to maintain this action. Hayes v. Williams, supra.
The import of these decisions is that in general the spouse's right to maintain an action continues throughout the two years. As stated in Hayes, "[T]he real purpose of [the statute] was simply to give the surviving wife or husband preference during the first year; but not to estop her or him from maintaining an action at any time before the expiration of the second year...."
The present action, filed by both surviving spouse and daughter, does not operate against the interests of either. Cf. Hahn v. Union Pacific R.R., 162 F.Supp. 558 (D.Colo.1958). Consequently, since the purpose of the statute is to compensate those who sustain pecuniary injury by the loss of the life of a spouse or parent, Hindry v. Holt, 24 Colo. 464, 51 P. 1002, retention here of both husband and daughter as parties plaintiff is proper. Thus, the motion to dismiss the spouse's claim should have been denied.
The judgment is reversed, and the cause is remanded with directions to reinstate the surviving spouse's complaint and for further proceedings consistent with this opinion.
COYTE and SMITH, JJ., concur.