James W. NIVEN and Katherine E. Niven, minor Children, By and Through their father, next friend, and guardian, Ad Litem, Clifford W. NIVEN, and Clifford W. Niven, individually, Plaintiffs,

v.

Margaret R. FALKENBURG, Defendant.

Civ. A. No. 82–K–1603.

United States District Court, D. Colorado.

Jan. 7, 1983.

Leland P. Anderson, Hoffman & McDermott, Denver, Colo., for plaintiffs.

Clayton B. Russell, Wood, Ris & Hames, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action filed to recover damages for the wrongful death of Susan T. Niven under the wrongful death statutes of the States of Colorado and California by decedent's surviving spouse and minor children. Plaintiffs are citizens and residents of the State of California; defendant is a citizen and resident of the State of Colorado. Defendant has moved to strike and to dismiss any reference in plaintiff's complaint to the Wrongful Death Act of the State of California, claims of the plaintiffs for the "deprivation of a kind and loving mother and for loss of Susan T. Niven's care, comfort, society, companionship, protection, services and guidance," and to dismiss the minor children as plaintiffs. This court has subject matter jurisdiction under Title 28 U.S.C. § 1332.

Plaintiffs' complaint alleges that on November 27, 1981 Susan T. Niven was driving her car near the town of Breckenridge, Colorado when she was struck by a car driven by defendant. Decedent died of her injuries sustained in the accident.

### ALLEGATIONS RE: CALIFORNIA WRONGFUL DEATH STATUTE

Defendant first moves to strike and dismiss under Rule 12(f), F.R.Civ.P. any claims brought by plaintiffs under the California Wrongful Death Statute. Defendant argues that because Colorado has more significant contacts than does California, conflict of law rules require that the law of Colora-

do only should be applied in this action. Plaintiffs disagree and argue that domicile and residence of the parties is more significant than the place of the injury. They seek to have California law applied for a number of reasons. *Inter alia,* it has a greater interest in seeing that its citizens are justly compensated in tortious death actions, it is more liberal in allowing more elements of recovery than is Colorado, and California is more vitally concerned with the administration of the decedent's estate.

■ Under the "most significant relationship" approach of the *Restatement (Second)*,[1] the court will first look to the specific contacts with each jurisdiction in reaching its determination as to which jurisdiction's law should apply. Each contact is to be evaluated according to its relative importance with respect to the particular issue. There is no specific numerical evaluation. The court must also consider policy-oriented principles in determining which law should apply. Seven principles are set forth in the *Restatement (Second), Conflict of Laws,* § 6.

There are a minimum number of factors to consider in the instant action. As was previously stated, plaintiffs are citizens and residents of California, defendant is a citizen and resident of Colorado, and the accident occurred in Colorado. § 175 of the Restatement says:

> In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties *unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.* (emphasis supplied)

The Restatement § 179 provides that the law selected by the application of § 175 determines the measure of damages. *Murphy v. Colorado Aviation, Inc.,* 41 Colo.App. 237, 588 P.2d 877 (1978).

■ Plaintiffs allege that at all times the decedent was a citizen and resident of the State of California, yet the car she was driving at the time of the accident was registered in the State of Colorado. Defendant's automobile was also licensed and registered in Colorado. I agree that the policies and interests of California which plaintiffs promote are important considerations to this court's decision but, on the facts before me, I hold that the State of Colorado has the most significant contacts, its interests outweigh those of California, and its wrongful death statute, C.R.S.1973 § 13–21–201 *et seq.* shall apply. The motion to strike on this ground is granted.

## MOTION TO STRIKE DAMAGE CLAIMS

Defendant next moves to strike claims for such general damages as the deprivation of a kind and loving mother, and for loss of care, comfort, society, companionship, etc. and to limit plaintiffs to their net pecuniary loss relating to the death of Susan T. Niven.

■ The purpose of the wrongful death statute is to compensate those who sustain pecuniary injury by the loss of the life of a spouse or parent. *Myers v. Denver & R.G. R.R.,* 61 Colo. 302, 157 P. 196 (1916); *Hindry v. Holt,* 24 Colo. 464, 51 P. 1002 (1897). Wrongful death recovery did not exist at common law, but is purely a creature of statute. *Martin v. Cuellar,* 131 Colo. 117, 279 P.2d 843 (1955); *Blatter v. Caterpillar Tractor Co.,* Unpublished Opinion, Civil Action No. 81–K–1036 (August 6, 1981) (Kane, J.). Plaintiffs have not addressed this argument in their brief. Whether this means that they concede the point, the law in Colorado has long and consistently been that under the Wrongful Death Act, claimants are limited by the net pecuniary loss rule. Plaintiffs may recover only for diminution of decedent's estate; there is no recovery permitted for grief, loss of comfort and society and other general damages.

1. In a diversity case, a federal court must apply the conflict of laws rules of the state in which the court sits. *Klaxon Co. v. Stentor Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 81 L.Ed. 1477 (1941). The "most significant relationship" approach was adopted by the Colorado courts in *First National Bank in Fort Collins v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973).

Neither can punitive damages be recovered. *Clint v. Stolworthy,* 144 Colo. 597, 357 P.2d 649 (1960); *Kling v. Phayer,* 130 Colo. 158, 274 P.2d 97 (1954); *McEntyre v. Jones,* 128 Colo. 461, 263 P.2d 313 (1953); *Jones v. Hildebrandt,* 191 Colo. 1, 550 P.2d 339 (1976); *Kogel v. Sonnheim,* 150 Colo. 316, 372 P.2d 731 (1962). The motion to strike and dismiss any claims for damages beyond net pecuniary loss is granted.

### DISMISSAL OF JAMES W. NIVEN AND KATHERINE E. NIVEN

Finally, defendant moves to dismiss the minor children as plaintiffs in this action arguing that under § 13–21–201 the right to bring suit within one year after the death occurred is vested exclusively in the spouse. The accident is alleged to have occurred November 27, 1981 while this action was commenced September 27, 1982. Plaintiffs term defendant's argument "specious" and assert that the minor children may file jointly with the surviving spouse within the first year after the death.

Again, under Colorado law which I have held governs in this action, it is clear that the *sole* right to bring an action for wrongful death within the first year after the death is with the surviving husband or wife. *Hopper v. Denver & R.G. R.R.,* 155 F. 273 (8th Cir.1907);[2] *Hahn v. Union Pacific Railroad Co.,* 162 F.Supp. 558 (D.Colo.1958) (Arraj, J.);[3] *Clint v. Stolworthy, supra, Hindry v. Holt, supra.* Even *Peck v. Taylor,* 38 Colo.App. 90, 554 P.2d 698 (1976) argued by plaintiffs to support their position holds that the exclusive right to bring suit within the first year lies with the spouse and if not brought during that time, may then be brought jointly by the spouse and lineal heirs within the second year. 554 P.2d at 699. The children may bring suit within the first year only if there is no surviving spouse. *Id.* The motion to strike and dismiss the minor children as plaintiffs is granted. It is therefore,

ORDERED that defendant's motion to strike and dismiss is granted.

---

**2.** This action was decided by the Court of Appeals of the Eighth Circuit when Colorado was part of that Circuit.

**3.** This action was decided under the predecessor statute, C.R.S.1953 §§ 41–1–1 and 41–1–2.