## PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Petitioner,

v.

## The DISTRICT COURT In and For the TWENTY–FIRST JUDICIAL DISTRICT, and William M. Ela, One of the Judges Thereof, Respondents.

### No. 83SA393.

Supreme Court of Colorado,
En Banc.

Jan. 16, 1984.

Richard W. Bryans, Kelly, Stansfield & O'Donnell, Denver, James M. Robb, Kelly, Stansfield & O'Donnell, Grand Junction, for petitioner.

Stephen K. ErkenBrack, Beckner & ErkenBrack, P.C., Grand Junction, for respondents.

DUBOFSKY, Justice.

In this original proceeding under C.A.R. 21, we issued a rule to show cause why the respondent district court's order denying petitioner Public Service Company's motion to dismiss should not be vacated and the case dismissed. We now make the rule absolute.

Gordon Stassen was electrocuted on July 5, 1982, when a metal pipe he was holding came into contact with a high voltage power line owned and maintained by the petitioner Public Service Company. His parents, Albert and Letha Jean Stassen, brought an action against the petitioner seeking damages in the amount of $503,-494.40 as a result of the alleged wrongful death of their son. Subsequently, the de-

ceased's former wife, as next friend and mother of the deceased's minor son, Richard Stassen, filed a wrongful death action against the petitioner seeking $1,500,000 in damages. The deceased and his former wife were divorced on January 6, 1982.

The petitioner Public Service Company filed a motion seeking an order dismissing the parents' complaint, or in the alternative, for summary judgment against the parents. The respondent district court, relying on *Peck v. Taylor,* 38 Colo.App. 90, 554 P.2d 698 (1976), denied the motion, holding that the parents had standing to pursue a wrongful death action, even though the deceased's son had brought an action, because the purpose of the wrongful death statute is to compensate those who suffer pecuniary injury from the deceased's death.

The parents brought their action under section 13–21–202, C.R.S.[1] Section 13–21–203, C.R.S. states that all damages accruing under section 13–21–202 shall be "recovered by the same parties and in the same manner as provided in section 13–21–201." Section 13–21–201, C.R.S. provides that damages for wrongful death may be recovered:

(a) By the husband or wife of deceased; or

(b) If there is no husband or wife, or he or she fails to sue within one year after such death, then by the heir or heirs of the deceased; or

(c) If the deceased is a minor or unmarried, then by the father or mother who may join in the suit, and each shall have an equal interest in the judgment; or if either of them is dead, then by the survivor.

The district court ruled that subsection (c) allows the parents to bring a wrongful death action in addition to the action brought by the deceased's son. In this original proceeding, the petitioner asserts that section 13–21–201 permits only one action for wrongful death. We agree with the petitioner.

The pertinent provisions of Colorado's wrongful death statute have remained virtually unchanged since their enactment at the first session of Colorado's General Assembly in 1877. *See* § 877, General Laws (1877). The Eighth Circuit Court of Appeals reviewed the statute in *Hopper v. Denver & R.G.R. Co.,* 155 F. 273 (8th Cir. 1907), when Colorado was in that circuit. In *Hopper,* a father sought damages for the death of his unmarried adult daughter. The defendant railroad argued that the statute provided conflicting rights of actions to the surviving spouse, heirs, and parents. The Eighth Circuit resolved the potential conflicts by reading the statute as providing only one right of action in respect to a death, concluding:

The subdivisions are evidently intended to take rank and have effect in the order in which they occur, and their true meaning, as we think, may be stated in this way: If the deceased leave a husband or wife, the sole right of action will be in such survivor, save that, as against children, the right will be lost unless asserted by suit within one year;[2] but if there be no surviving husband or wife, or the survivor fail to sue within one year, then the sole right of action will be in the children; and if there be no surviving husband or wife, nor any child, then, and then only, will the right of action be in the father and mother, or the survivor of them.

---

1. Section 13–21–202, C.R.S., provides:
   When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

2. In *Hayes v. Williams,* 17 Colo. 465, 30 P. 352 (1892), this court clarified the one year limitation on the surviving spouse's right of action. The wrongful death statute gives the surviving spouse absolute preference during the first year following death, but the spouse may bring an action during the second year if a surviving child does not. *See also Hindry v. Holt,* 24 Colo. 464, 51 P. 1002 (1897) ("heir" for purposes of statute means "child").

Id. at 276. The *Hopper* language was quoted approvingly by this court in *Clint v. Stolworthy,* 144 Colo. 597, 357 P.2d 649 (1960). In *McGill v. General Motors Corp.,* 174 Colo. 388, 484 P.2d 790 (1971), we held that parents of a deceased may not bring a wrongful death action when there is a surviving spouse. For similar results, see *Niven v. Falkenburg,* 553 F.Supp. 1021 (D.Colo.1983) (sole right to bring wrongful death action within first year is with the surviving spouse); *Hahn v. Union Pacific Railroad Co.,* 162 F.Supp. 558 (D.Colo.1958) (surviving spouse may not bring wrongful death action after one year if child has already instituted action).

The parents contend, however, that *Hopper* was rejected in *Peck v. Taylor,* 38 Colo. App. 90, 554 P.2d 698 (1976), which allowed a surviving spouse and child of a decedent to bring a wrongful death action as co-plaintiffs. The court of appeals ruled that retention of both parties was proper because the purpose of the wrongful death statute is to compensate those who suffer pecuniary injury by the loss of a spouse or a parent.

Our reading of the statute and cases cited above convinces us that *Hopper* is correct and *Peck v. Taylor* is incorrect. The provisions of section 13–21–203 permit only one action to be brought for wrongful death. The case on which *Peck v. Taylor* most heavily relies states that a surviving spouse may bring a wrongful death action during the second year "provided the heirs, if any, have not instituted judicial proceedings." *Hayes v. Williams,* 17 Colo. 465, 30 P. 352, 353 (1892).[3] We hold that the decedent's parents may not bring a wrongful death action under section 13–21–202 if there is a surviving child of the deceased, and therefore, the petitioner's motion to dismiss should have been granted.

The rule is made absolute.

---

**3.** The problem sought to be addressed in *Peck v. Taylor* is remedied by section 13–21–201(2), C.R.S. of the wrongful death statute, which provides:

> If the action under this section is brought by the husband or wife of the deceased, the judgment obtained in said action shall be owned by such persons as are heirs at law of the deceased under the statutes of descent and distribution, and shall be divided among such heirs at law in the same manner as real estate is divided according to said statute of descent and distribution.

The fact that a spouse brings the action as a plaintiff does not prevent the deceased's children from sharing in the award. *See also Clint v. Stolworthy, supra.*