Kathy **WILLIAMS,** individually and Patricia Herrera, as natural parent, guardian and legal representative of Teresa A. Williams and Tony R. Williams, Minors, Plaintiffs-Appellants,

v.

**TRAILMOBILE, INC.,** a Delaware corporation, and McGraw-Edison Company, Inc., a Delaware corporation, and its subsidiary Wagner Electric Corporation, a Delaware corporation, Defendants-Appellees.

No. 85CA1205.

Colorado Court of Appeals, Div. I.

June 18, 1987.

Rehearing Denied July 23, 1987.

Certiorari Denied (Trailmobile) Oct. 5, 1987.

Donald L. Banghart, Lakewood, for plaintiff-appellant Kathy Williams.

Roger T. Castle, P.C., Roger T. Castle, Denver, for plaintiffs-appellants Patricia Herrera, Teresa A. Williams and Tony R. Williams.

Long & Jaudon, P.C., David B. Higgins, Denver, for defendant-appellee Trailmobile, Inc.

Hall & Evans, C. Willing Browne, Brooke Wunnicke, Denver, for defendants-appellees McGraw-Edison Co., Inc. and Wagner Elec. Corp.

KELLY, Judge.

The plaintiff, Kathy Williams, appeals the summary judgment entered in favor of the defendants, Trailmobile, Inc., McGraw-Edison Company, Inc., and Wagner Electric Corporation. Among other things, she contends that the trial court erred in determining that the rule announced in *Public Service Co. v. District Court*, 674 P.2d 383 (Colo.1984) is applicable to this case. We reverse.

Mrs. Williams' husband was killed in a truck accident in March 1982. She elected to wait until after the first year anniversary of her husband's death to file a wrongful death action, choosing to join with her husband's two minor children from a prior marriage in a joint action begun on January 6, 1984.

In waiting until after the first year anniversary of the accident, Mrs. Williams relied on this court's decision in *Peck v. Taylor*, 38 Colo.App. 90, 554 P.2d 698 (1976) (*cert. denied*, September 20, 1976) and *Murphy v. Colorado Aviation, Inc.*, 41 Colo.App. 237, 588 P.2d 877 (1978). Those cases, in construing § 13–21–201(1)(b), C.R.S., held that a surviving spouse has the exclusive right to file a wrongful death action during the first year, but may file a *joint* action with the deceased's children during the second year.

On January 16, 1984, the supreme court announced its decision in *Public Service Co. v. District Court*, specifically overruling *Peck v. Taylor* and, by implication, a portion of *Murphy v. Colorado Aviation, Inc.* Relying on *Public Service Co. v. District Court*, the defendants moved for summary judgment, asserting that the decision precludes *any* claim for relief by a surviving spouse commenced after the first anniversary of the spouse's death. The trial court agreed, and concluded that, as a matter of law, the *Public Service Co.* case must be retroactively applied to Mrs. Williams. It therefore granted partial summary judgment and dismissed her from the case. The propriety of this ruling is the dispositive question before us.

In *Public Service Co. v. District Court*, the supreme court held that § 13–21–201, C.R.S., permits only one action for wrongful death, and gives the surviving spouse absolute preference during the first year

following death. The spouse may, however, bring an action during the second year only if a surviving child does not. *See Hindry v. Holt,* 24 Colo. 464, 51 P. 1002 (1897); *Hayes v. Williams,* 17 Colo. 465, 30 P. 352 (1892). Quoting from *Hopper v. Denver & R.G.R. Co.,* 155 F. 273 (8th Cir. 1907), the *Public Service Co.* court stated:

" 'The subdivisions [of § 13–21–201, C.R.S.] are evidently intended to take rank and have effect in the order in which they occur, and their true meaning ... may be stated in this way: If the deceased leave a husband or wife, the sole right of action will be in such survivor, save that, as against children, the right will be lost unless asserted by suit within one year; but if there be no surviving husband or wife, *or the survivor fail to sue within one year, then the sole right of action will be in the children;* and if there be no surviving husband or wife, nor any child, then, and then only, will the right of action be in the father and mother, or the survivor of them.' " (emphasis supplied)

■ As in *People in Interest of A.M.D.,* 648 P.2d 625 (Colo.1982), the question left unanswered in *Public Service Co.* is whether the rule of the case should be made retrospective, or whether its effect should be prospective only. *See People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982). While the United States Constitution neither prohibits nor requires retrospectivity, the United States Supreme Court, in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), has provided guidance for the retroactive application of decisions in civil cases.

There are three criteria to be considered: (1) The decision, if it is not to be applied retrospectively, must establish a new rule of law; (2) the merits of each case must be weighed by looking to the purpose and effect of the rule in question and determining whether retroactive application will further or retard its operation; (3) the inequity imposed by retroactive application must be considered in order to avoid injustice or hardship. *People in Interest of C.A.K., supra.*

■ Here, as to the first criterion, a new rule of law was established. Until the announcement of the opinion in *Public Service Co. v. District Court,* the applicable rule had been as stated in *Peck v. Taylor, supra,* and *Murphy v. Colorado Aviation, Inc., supra. See Rusk v. Industrial Commission,* 716 P.2d 156 (Colo.App.1985) *(cert. granted* March 10, 1986).

The second determinative factor requires that we consider the purpose and effect of the rule. The purpose of this type of legislation is to compensate those who suffer pecuniary loss by reason of the death. *See McGill v. General Motors Corp.,* 174 Colo. 388, 484 P.2d 790 (1971); *Hindry v. Holt, supra.* The rule enunciated in *Public Service Co. v. District Court, supra,* determines the order of entitlement to bring an action to recover that compensation.

As pointed out in footnote 3 in *Public Service Co. v. District Court, supra,* the fact that the surviving spouse has the exclusive right to sue within the first year following decedent's death does not prevent the deceased's children from sharing in the award. *See* § 13–21–201(2), C.R.S., and *Clint v. Stolworthy,* 144 Colo. 597, 357 P.2d 649 (1960). The converse, however, is not the case. That is, if the surviving spouse fails to exercise her exclusive right to sue within the first year after the decedent's death, she not only loses the right to sue, but loses her right to share in the proceeds of any award made to the surviving children. Hence, the rule of *Public Service Co. v. District Court* "clearly affects the substantial rights of the parties." *People in Interest of C.A.K., supra.*

It is because of the widow's loss of her right to share in the proceeds of any recovery in the wrongful death action that retroactive application of the rule of *Public Service Co. v. District Court* would create an injustice and hardship in this case. Accordingly, we conclude that the trial court erred in applying the rule of *Public Service Co.* to this widow's claim.

In view of the conclusions we have reached, it is not necessary to address the widow's other arguments.

The judgment is reversed and the cause is remanded with directions to reinstate the plaintiff's complaint.

PIERCE and METZGER, JJ., concur.