**William E. LANDSBERG, Guardian Ad Litem of minors Robert Joseph Skaggs, Thomas Lee Skaggs, William Joseph Skaggs, Cheril Lien Skaggs and Daniel James Skaggs; and Robert H. Skaggs, Plaintiffs–Appellees,**

v.

**James E. HUTSELL and R.L. Harrison Trucking Company, Inc., Defendants–Appellants.**

No. 90CA0912.

Colorado Court of Appeals, Div. IV.

Jan. 16, 1992.

Rehearing Denied March 19, 1992.

Certiorari Granted Sept. 21, 1992.

Certiorari Dismissed Nov. 16, 1992.

Victoria C. Swanson, P.C., Victoria C. Swanson, Colorado Springs, for plaintiffs-appellees William E. Landsberg, Guardian Ad Litem of minors Robert Joseph Skaggs, Thomas Lee Skaggs, William Joseph Skaggs, Cheril Lien Skaggs and Daniel James Skaggs.

Goldstein & Sears, P.C., Lance M. Sears, Derry Beach Adams, Colorado Springs, for plaintiff-appellee Robert H. Skaggs.

Wittman & McCord, Sherwin V. Wittman, II, P.C., J. Bradley Hardman, Cynthia J. Hyman, Colorado Springs, for defendants-appellants.

Schaden, Lampert & Lampert, Patricia M. Jarzobski, Denver, amicus curiae on behalf of Colorado Trial Lawyers Ass'n.

Opinion by Judge HUME.

Defendants, James E. Hutsell and R.L. Harrison Trucking Company, Inc. (Harrison), appeal a wrongful death judgment entered on a jury verdict in favor of plaintiff, William E. Landsberg, as successor guardian ad litem for the five minor children of Tami Thi Skaggs (decedent). Defendants also appeal a judgment entered pursuant to a jury verdict awarding damages to co-plaintiff, Robert H. Skaggs (Skaggs), for personal injuries, damages, and losses caused to him by defendants' negligence. We affirm in part and reverse in part.

On August 15, 1986, a semi-tractor and trailer rig driven by Hutsell and owned by Harrison collided with an automobile while the latter was towing a camper trailer rented from Arlene Little. At the time of the accident, Skaggs was driving the automobile and was accompanied by his spouse, Tami, and their five children, Robert Joseph, Thomas Lee, William Joseph, Cheril Lien, and Daniel James Skaggs. Tami was killed and her husband and each of the five children were injured in the collision.

On August 17, 1987, Skaggs commenced an action against Harrison, Hutsell, Little, and General Motors Corporation claiming damages on his own behalf and as representative for decedent's children for Tami's wrongful death. He also claimed damages for personal injuries, losses, and expenses that he had incurred as a result of the accident.

Subsequently, after a guardian ad litem (GAL) was appointed for the children, the GAL joined as a party plaintiff in the action originally commenced by Skaggs. In the amended complaint, filed April 11, 1988, the GAL asserted claims against the originally named defendants for wrongful death and for the noneconomic personal injuries

of the children. Skaggs reasserted his claim for his personal injuries, losses, and expenses but did not purport to prosecute the wrongful death claim.

The GAL also filed a separate action against Skaggs claiming damages on behalf of the children for his negligence in causing Tami's death and their personal injuries.

The two actions were consolidated in the trial court. Prior to trial, all claims against General Motors Corporation were voluntarily dismissed, and the GAL's claims against Skaggs were settled. The GAL's personal injury claims for three of the children against defendants were also settled by pretrial stipulations for entry of judgment.

Hutsell, Harrison, and Little denied that the accident was caused by their negligence and asserted Skaggs' contributory negligence as a defense to his damage claims. Defendants also named Skaggs as a contributing non-party tortfeasor in the GAL's wrongful death action.

Thus, the trial involved the GAL's wrongful death claim, the GAL's claims for personal injury damages on behalf of two of the children, and Skaggs' claim for personal injuries, losses, and expenses. The claims against Hutsell and Harrison included a claim against Hutsell for negligent operation of the vehicle and claims against Harrison for negligence under the doctrine of *respondeat superior* as well as for its own willful and wanton negligence in hiring Hutsell, entrusting the semi rig to him, and in supervising its operation.

The jury assessed damages resulting from the collision as follows:

| | | |
|---|---|---|
| Aggregate pecuniary loss on wrongful death | — | $500,000 |
| Non-economic losses of William Skaggs | — | 50,000 |
| Non-economic losses of Daniel Skaggs | — | 30,000 |
| Economic and non-economic losses of Robert H. Skaggs | — | 162,380 |

It also apportioned causative negligence among the involved persons as follows:

| | |
|---|---|
| Hutsell (also attributable to Harrison under the doctrine of <u>respondeat superior</u>) | 70% |
| Harrison (willful and wanton negligence in hiring, entrustment of vehicle, and supervision) | Zero |
| Little | 10% |
| Robert H. Skaggs | 20% |

Eleven judgments were entered pursuant to the foregoing findings and the parties' stipulations, including one for $350,000 (70% × $500,000) plus interest and costs against Harrison and Hutsell on the GAL's wrongful death claim, and another for $113,666 (70% × $162,380) plus interests and costs for Skaggs' personal injuries, losses, and expenses against the same two defendants. After entry of the judgments, William E. Landsberg was appointed successor GAL for the children.

Defendants Hutsell and Harrison appeal only the wrongful death judgment and the damage judgment in favor of Skaggs. Arlene Little has satisfied the judgment entered against her and is not a party to this appeal.

This wrongful death claim is governed by § 13–21–201, et seq., C.R.S. (1987 Repl.Vol. 6A) as in effect prior to amendments enacted in 1988 and 1989. *Cf.* § 13–21–201, et seq., C.R.S. (1991 Cum.Supp.) (effective as to actions accruing or deaths occurring after July 1, 1988, and July 1, 1989, respectively).

### I.

■ Defendants first contend that the trial court erred by admitting and instructing the jury to consider evidence of pecuniary loss suffered by Skaggs in assessing the aggregate wrongful death damages. We agree.

Section 13–21–203(1), C.R.S. (1987 Repl. Vol. 6A) provided:

> All *damages* accruing under section 13–21–202 *shall be sued for and recovered by the same parties* and in the same manner as *provided in section 13–21–201, and* in every such action *the jury may give such damages* as they may deem fair and just ... *to the surviving parties who may be entitled to sue....* (emphasis added)

Section 13–21–201(1), C.R.S. (1987 Repl. Vol. 6A) provided for suit for, and recovery of, wrongful death damages as follows:

(a) By the husband or wife of deceased; or

(b) If there is no husband or wife, or if he or she fails to sue within one year after such death, then by the heir or heirs at law of the deceased....

In *Pierce v. Conners*, 20 Colo. 178, 37 P. 721 (1894), our supreme court stated:

The true measure of compensatory relief in an action [for wrongful death] is a sum equal to the net pecuniary benefit which *plaintiff* might reasonably have expected to receive from the deceased in case his life had not been terminated by the wrongful act ... of the defendant. Such sum will depend upon a variety of circumstances and future contingencies, and will, therefore, be difficult of exact ascertainment; but the damages to be awarded in each case may be approximated by considering the age, health, condition in life, habits of industry or otherwise, [and] ability to earn money, on the part of the deceased, including his or her disposition to aid or assist *the plaintiff;* not only the kinship or legal relation between the deceased and *the plaintiff,* but the actual relations between them as manifested by the acts of pecuniary assistance rendered by the deceased to *the plaintiff,* and also contrary acts may be taken into consideration. (emphasis added)

*See also Fish v. Liley*, 120 Colo. 156, 208 P.2d 930 (1949) (wrongful death damages are statutorily restricted to the necessary injury resulting from such death to the surviving parties entitled to sue).

*Public Service Co. v. District Court*, 674 P.2d 383 (Colo.1984), quoted and adopted the rationale expressed in *Hopper v. Denver & Rio Grande R.R.*, 155 F. 273 (8th Cir.1907) as follows:

The subdivisions [of § 13–21–201] are evidently intended to take rank and have effect in the order in which they occur, and their true meaning ... may be stated in this way: If the deceased leave a husband or wife, the sole right of action will be in such survivor, save that, as against children, the right will be lost unless asserted by suit within one year; but if there be no surviving husband or wife, or the survivor fail to sue within one year, then the sole right of action will be in the children....

In adopting the *Hopper* rationale, the court expressly disapproved our decision in *Peck v. Taylor*, 38 Colo.App. 90, 554 P.2d 698 (1976), which had approved a joint wrongful death action commenced by a decedent's surviving spouse and daughter during the second year after decedent's death. We believe that such disapproval necessarily extends to our similar ruling in *Murphy v. Colorado Aviation, Inc.*, 41 Colo.App. 237, 588 P.2d 877 (1978).

■ While the statute has been held as not expressly prohibiting commencement of a wrongful death action by a spouse during the second year after a decedent's death, the continued vitality of the surviving spouse's right is conditional upon the children's failure to commence such an action. *See Hayes v. Williams*, 17 Colo. 465, 30 P. 352 (1892).

In *Williams v. Trailmobile, Inc.*, 745 P.2d 267 (Colo.App.1987), we recognized that application of *Public Service Co. v. District Court, supra,* precludes the filing of a joint wrongful death action by a surviving spouse and decedent's children during the second year following decedent's death. Nevertheless, we held that the rule of *Public Service* would not be retroactively applied to bar an action that had accrued prior to its announcement in 1984.

In the *Trailmobile* holding, we also noted that, while a surviving spouse's wrongful death suit is brought both in the spouse's personal capacity and as a representative for the decedent's children's interests, *see Clint v. Stolworthy*, 144 Colo. 597, 357 P.2d 649 (1960), the converse is not true. If the surviving spouse fails to exercise an exclusive right to sue, that spouse loses not only the right to sue, but the right to share in the proceeds of any award made to the children. *See* § 13–21–201(2), C.R.S. (1987 Repl.Vol. 6A).

We thus conclude that the trial court erred in denying defendants' pretrial motion to preclude evidence of pecuniary loss suffered by Skaggs in the children's claim for wrongful death damages, in overruling defendant's objections to such evidence at

trial, and in instructing the jury to consider such evidence in awarding damages for the children. Accordingly, the wrongful death judgment in favor of the GAL must be reversed, and the issue of damages must be remanded for new trial.

## II.

■ Defendants next contend that the trial court erred in failing to admit evidence, or alternatively in failing to instruct the jury, as to the fact of settlement of the claim between the GAL and Skaggs. We agree.

In *Greenemeier v. Spencer*, 719 P.2d 710 (Colo.1986), our supreme court adopted a rule requiring that trial courts should bring to the jurors' attention the fact of settlement between a joint tortfeasor and an injured plaintiff, so as to make them aware that whatever verdict they return will be apportioned among defendants and settling parties pursuant to requirements of the law.

The *Greenemeier* case addressed problems arising under § 13–50.5–105(1)(a) prior to its amendment in 1986. Under that prior statutory scheme, a settlement with one tortfeasor reduced the claim against other joint tortfeasors to the extent of the amount stipulated by the settlement or the amount of consideration paid for it, whichever is greater. The statute did not provide any mechanism by which the jury could be advised that such a settlement had occurred or of its effect upon the jury's damage award.

After *Greenemeier* was announced, the General Assembly amended § 13–50.5–105(1)(a) (1987 Repl.Vol. 6A) and adopted § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A) so as to limit a defendant's liability to the degree or percentage of his own negligence or fault in causing a plaintiff's injury. *See* Colo.Sess.Laws 1986, ch. 108, §§ 13–21–111.5 and 13–50.5–105(1)(a) at 680 and 681. Under those amended statutes, jurors are now required to apportion fault among joint tortfeasors, whether named as parties defendant or as designated non-parties, whose fault or negligence contributed to a plaintiff's injuries.

Here, the jury was instructed to, and did, apportion the percentage of fault among all alleged joint tortfeasors, including Skaggs. In addition, the jury was instructed that "the total damages you award will be reduced by the court by the percentage of any negligence of Robert H. Skaggs." However, the jurors were not instructed that a claim for compensation based upon the children's assertion of negligence against their father had been settled by agreement between the GAL and Skaggs.

In addition, in this case, both counsel for Skaggs and for the GAL made forceful arguments to the jury that defendants were attempting to shift the blame from themselves to Skaggs. Defendants, however, were precluded from arguing in response that Skaggs and the children had already settled similar claims among themselves.

While we believe that the amendatory legislation has diminished the compelling problems that prompted the ruling in *Greenemeier v. Spencer, supra,* it has not extinguished that need under all circumstances. Thus, on retrial, the trial court is directed to comply with the requirements of the *Greenemeier* decision either by informing the jurors of the fact of settlement or by making specific findings to justify its discretionary decision not so to inform them. In addition, the court should consider limiting argument of counsel to ameliorate any unfair advantage in the event the jury is not advised pursuant to *Greenemeier.*

## III.

■ Defendants next contend that the trial court erred in refusing to admit evidence of the Skaggs' prior income taxation and to instruct as to the effect of such taxes in calculating net pecuniary loss. We disagree.

Initially, we note that defendants did not raise any issue concerning the effect of taxes during pretrial proceedings. Rather, they sought to inject the issue by proposing supplemental jury instructions at the commencement of trial proceedings and by re-

examination of Skaggs on the last day of a multi-day trial, long after the GAL's expert witness on pecuniary losses had testified and been released.

After conducting a hearing on the issue, the trial court refused to admit the tax returns of Skaggs and his wife or to instruct as to the effect of taxes, noting the untimeliness of the request, and reasoning that the parties' tax returns would not provide meaningful information as to the effects of future income taxation.

We agree with the trial court's ruling in this regard. *See Rego Co. v. McKown–Katy,* 801 P.2d 536 (Colo.1990).

■ Moreover, here plaintiffs' expert testified that she had considered the potential effect of future taxation of Tami Skaggs' income in making adjustments for her personal expenditures so as to arrive at her net contribution for family purposes. Thus, any error in the trial court's ruling was harmless under the circumstances.

### IV.

We reject defendants' contention that the evidence was insufficient to support the verdict and judgment for personal injuries, losses, and expenses awarded to Skaggs. Our review of the record convinces us that the award was amply supported by the evidence. Hence, it may not be disturbed on appeal. *Vigil v. Pine,* 176 Colo. 384, 490 P.2d 934 (1971).

### V.

■ Defendants also contend that the trial court erred in allowing prejudgment interest on that portion of Skaggs' judgment allowable to expenditures he incurred on behalf of his minor children, William and Daniel. We disagree.

■ An injury is personal when it impairs the well-being or the mental or physical health of the victim. *Miller v. Carnation Co.,* 39 Colo.App. 1, 564 P.2d 127 (1977). Section 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A) allows recovery for personal injuries sustained by "any person" resulting from the tort of any other person

"from the date the action accrued." *See McCafferty v. Musat,* 817 P.2d 1039 (Colo. App.1990).

Here, the injuries to both children were personal as distinguished from injuries to property. Thus, we find no error in the allowance of interest pursuant to the provisions of § 13–21–101(1) from the date of the accident.

Since we have determined that the wrongful death claim must be remanded for a new trial as to damages, we do not address defendants' contention that the trial court erred in failing to allocate that award among the minor children. Defendants' remaining contentions of error are without merit.

The judgment in favor of Robert H. Skaggs is affirmed. The jury's determination of the percentage of fault of the involved persons is likewise affirmed. That portion of the wrongful death judgment concerning damages is reversed, and the cause is remanded to the trial court for retrial only on the issue of damages as reflected by the children's aggregate net pecuniary loss. On retrial, the court is also directed to apply the rule of *Greenemeier v. Spencer, supra,* in conformity with the views expressed herein.

METZGER and ROTHENBERG, JJ., concur.