## Phyllis Jan DORR, Roy Swanson, Daisy Lee Swanson, Linda Lou Dorr, Judy Homer, and Ellyn Vallier, as independent executrix for the Estate of Robert John Dorr, Plaintiffs,

v.

## Charles BRIGGS and Troy John Janne, Defendants.

### No. 88–B–484.

United States District Court, D. Colorado.

March 7, 1989.

Patrick J. Burke, Richard Werner, Bragg, Baker & Cederberg, P.C., Denver, Colo., for plaintiffs.

Ty L. Foster, Anstine & Hill, James M. Bruce, Quigley & Bruce, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This multi-state tort controversy deals with damages claimed for injuries and death resulting from two automobile accidents which occurred in Colorado on July 25, 1987. The instant matter involves plaintiffs' motions to apply the Texas laws of damages and joint and several liability of defendants in this action and not to apply the non-economic damages cap of C.R.S. § 13–21–102.5 (1987 Repl.Vol. 6A) because of its unconstitutionality. The action originally was filed in the United States District Court for the Southern District of Texas, but was transferred to this Court because venue lies in Colorado. Jurisdiction exists based on diversity of citizenship, 28 U.S.C. § 1332. The Court finds that Colorado has the most significant relationship to the claims for recovery in this case and thus holds that the Colorado law of damages applies to these claims.

On July 25, 1987 plaintiffs Roy Swanson, Daisy Lee Swanson (the Swansons), and Phyllis Jane Dorr were passengers in Robert John Dorr's (Dorr) car. Dorr was driving west on Highway 160 in Mineral County, Colorado when defendant Troy John Janne's (Janne) pick-up collided with an eastbound logging truck Charles Briggs (Briggs) was driving. After Briggs' truck collided with Janne's pick-up, Briggs' truck crossed the center line of the highway, causing a second collision with Dorr's car. Upon impact, the logs came off Briggs' trailer, crushing Dorr's car, killing Dorr, and injuring the surviving plaintiffs.

The surviving plaintiffs, the Swansons and Phyllis Jane Dorr, are residents of

Texas, as was Dorr. The other plaintiffs are Dorr's children who reside in Texas and North Carolina. Janne is a Colorado resident who, at the time of the accident, possessed a Colorado driver's license and was driving a vehicle registered in Colorado. Briggs was also licensed to drive by the State of Colorado, his logging truck was registered in Colorado, and he operated his truck exclusively in Colorado. There is also evidence that both defendants insured their vehicles in Colorado.

## I.

Because jurisdiction in this action is based on diversity of citizenship, this Court must apply the choice of law rule of the forum state. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Pound v. Insurance Co. of North America,* 439 F.2d 1059, 1062 (10th Cir.1971). When addressing multistate tort controversies, Colorado applies the "most significant relationship" analysis codified at §§ 145 *et seq.* of the Restatement (Second) of Conflict of Laws (1969). *First National Bank v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973).

To identify the state with the most significant relationship to the parties and the occurrence, the Court must consider the relevant factors included in Section 6 of the Restatement (Second) Conflict of Laws:

(a) the needs of the interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of other relative interested states and the interests of those states in the determination of the particular issue;

(d) the protection of justified expectations;

(e) the basic policies underlying the particular field of law;

(f) certainty, predictability, and uniformity of result; and

(g) ease in determination and application of the law to be applied.

In applying the principles of § 6 to determine the law applicable to a particular issue, Section 145(2) of the Restatement (Second), Conflict of Laws lists the following contacts to consider:

(1) the place where the injury occurred;

(2) the place where the conduct causing the injury occurred;

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(4) the place where the relationship, if any, between the parties is centered.

According to § 145, the Court must evaluate and assign a relative degree of importance to each contact with respect to the particular issue under consideration. Moreover, in personal injury and wrongful death actions, the language of the Restatement of Conflicts suggests that the law of the state of injury should apply unless some other state has a more significant relationship to the litigation. Rest. (Second) Conflict of Laws §§ 146 and 175.

In analyzing and weighing the various contacts and policy considerations enumerated above, all factors point to Colorado law as governing this matter: 1) the injury occurred in Colorado; 2) the conduct causing the injury occurred in Colorado; 3) plaintiffs the Swansons, Phyllis Dorr, and some of Dorr's heirs are Texas residents, while the remaining plaintiffs reside in North Carolina; 4) both defendants are residents of Colorado; and 5) there is not, nor has there ever been, any relationship between the parties other than the accident at issue. Unlike an airplane crash, where the flight originated in one state but crashed in another, the place of the accident in this case was not a mere fortuity. *See In re Air Crash Disaster at Stapleton International Airport,* Order MDL 751-18 (D.C.Colo. December 2, 1988).

The relative significance of these contacts must be considered in light of the policies underlying the remedy of non-economic damages and joint and several liability in determining which law should apply.

In *Sabell v. Pacific Intermountain Express, Co.,* 36 Colo.App. 60, 536 P.2d 1160, 1165–66 (1975), the Colorado Court of Ap-

peals distinguished "rules of conduct" from "rules of recovery" and stated that:

The manner in which one citizen may seek redress from another and the rules under which such disputes are resolved are evolved by a state to aid in the resolution of private differences between its citizens or its citizens and those of other states. The relationship the parties have with a particular state has the greatest effect upon which of such rules of recovery should apply. In distinction, rules regulating conduct, as an exercise of the police power, are designed to protect the public in general from acts committed within the state which represent a danger to the public health, safety and welfare. *Thus "rules of conduct" are more closely related to the state where the conduct occurs while "rules of recovery" relate more clearly to the state with which a party is identified.* (emphasis added).

Both non-economic damages and joint and several liability are rules of recovery as defined in *Sabell, supra* 536 P.2d at p. 1165. As such, the state of Texas, with which the majority of plaintiffs are associated, has the closer relationship to these rules. Nevertheless, the relevant policies of Colorado compared with the relevant policies of Texas, militate against the application of Texas law.

Both Colorado and Texas recognize that persons injured by the negligence of others may be awarded financial conpensation. Both states also allow recovery for wrongful death. The distinction between Colorado law and Texas law is that in spite of Texas tort reforms, no cap on non-economic damages exists there. Colorado, on the other hand, has capped non-economic damages at $250,000.00 unless the court finds justification by clear and convincing evidence to exceed that cap by up to $500,000.00. C.R.S. § 13-21-102.5. Moreover, both Colorado and Texas have abolished unmodified joint and several liability. C.R. S. § 13-21-111.5; Tex.Civ.Pra. & Rem. Code § 33.013. Both states' laws evidence a policy to limit recovery against a defendant to that defendant's proportionate fault.

Although a majority of the plaintiffs to this action reside in Texas, and although the policies and interests of Texas are important considerations, the Court finds that here, Colorado has the most significant contacts. *See Niven v. Falkenburg,* 553 F.Supp. 1021 (D.C.Colo.1983). Its interests outweigh those of Texas.

## II.

Plaintiffs claim that C.R.S. § 13-21-102.5, which limits damages for noneconomic loss or injury, is unconstitutional because it violates equal protection and due process and infringes on plaintiffs' right to a jury trial. Plaintiffs' motion to declare unconstitutional C.R.S. § 13-21-102.5 is denied without opinion and without prejudice, with leave to raise the issue after trial.

Accordingly,

It is ORDERED that plaintiffs' motion to apply Texas law regarding damages is denied.

It is FURTHER ORDERED that plaintiffs' motion not to apply C.R.S. § 13-21-102.5 due to its unconstitutionality is denied without prejudice with leave to raise the issue after trial.