[No. 7458]

GROGAN ET AL V. DENVER & RIO GRANDE RAILROAD COMPANY.

DEATH—*Action For*—*Parties*—Under Rev. Stat., Sec. 2056, the brothers and sisters of one who comes to his death by the negligence of a public carrier have no action.

The phrase "heir or heirs," in the second clause of the section, import the children of the deceased.—*Hindry v. Holt*, 24 Colo. 464, followed.

*Error to Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. STERLING B. TONEY, Mr. R. BURGE TONEY and Mr. CHARLES CLYDE BARKER, for plaintiffs in error.

Mr. E. N. CLARK, Mr. J. G. McMURRY, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This is an action under section 2056, Revised Statutes, 1908, by brothers and sisters to recover damages of a railroad company for the death of their brother alleged to have been caused by the negligence of the company while he was a passenger upon one of its trains. A demurrer was sustained to the complaint. This is the foundation of the errors assigned.

Assuming that the complaint alleges (which is in dispute) that the deceased left surviving him no widow, child, children, the descendants of children, or father or mother, and that the plaintiffs were and are all the brothers and sisters that he ever had, are they entitled to maintain the action? It is conceded that no right to recover damages resulting from death was recognized at common law, and, that the plaintiffs' right in this instance, if they have any, must arise from this statute. In *Hindry v. Holt*, 24 Colo. 464, 51 Pac. 1002, 39 L. R. A. 351, 65 Am. St. 235, it was held that the words "heir or heirs" as used in the second subdivision of this section do not include all those entitled under certain conditions to share in the estate of a person dying intestate, but as therein used were intended to mean the child or children of the deceased. Whether this would carry with it the descendants of a child was not stated and is not involved here. The reasons given for the construction placed upon the act are unquestionably sound; it is unnecessary to reiterate them.

The contention that the action in *Hindry v. Holt, supra,* was brought under sections 2057 and 2058, Revised Statutes, and for that reason its conclusions are not applicable to this case, is not well taken. Section 2058 provides that all damages accruing under section 2057 shall be sued for and recovered by the same parties and in the same manner as provided in section 2056, *supra.* It follows that the parties who may bring the action are in each instance intended to be the same; accepting the construction given to section 2056 in *Hindry v. Holt, supra,* it does not include the brothers and sisters of the deceased.

The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.