MARTIN *v.* CUELLAR.

No. 17,427.

(279 P. [2d] 843)

Decided February 7, 1955.

Mr. SOL COHEN, Mr. A. E. SMALL, JR., for plaintiff in error.

Messrs. JANUARY & YEGGE, Mr. JAMES L. TREECE, for defendant in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the Court.

Plaintiff in error commenced action wherein she sought judgment for damages arising, as she alleges, from the death of Anthony Martin caused by the negligent conduct of the defendant. In the trial court defendant's motion for dismissal of the plaintiff's complaint was granted and judgment in favor of defendant accordingly entered.

By her complaint plaintiff alleges that she is the mother of Anthony Martin, who was killed in an automobile accident on or about September 7, 1953, he at that time being a passenger in a vehicle owned and operated by defendant, who drove it in such a manner as to cause it to turn over, and that the said actions of defendant constituted a wanton and willful disregard of the safety of said Anthony Martin, upon whom plaintiff was dependent for support and to her damage in the sum of ten thousand dollars. By his amended answer defendant admits that plaintiff is the "adoptive mother" of Anthony Martin; admits the death of said Anthony Martin as the result of an accident to an automobile in which he was a passenger and which was owned and operated by defendant; denies all other and further allegations of plaintiff's complaint. As a separate and fourth defense: "Defendant alleges as an affirmative defense to the amended complaint that the plaintiff adopted the deceased, Anthony Martin, after said deceased was an adult and that, as said adoptive mother, is not entitled to recover." Plaintiff moved to strike said fourth defense, and after hearing argument thereon the trial court entered the following order: "It is Ordered that said motion is denied.

"After oral stipulation of counsel that the plaintiff is the adoptive mother and not the natural mother of the deceased for whose wrongful death the claim for damages is being made, and on the further stipulation that said deceased was adopted as an adult, the Court entertained the oral motion of the Defendant for dismissal of the Plaintiff's Complaint on the grounds that Plaintiff is not entitled to the relief claimed.

"The Court having heard the arguments of counsel and given consideration thereto,

"IT IS ORDERED that said motion by Defendant is granted and that the Plaintiff's Complaint be dismissed.

"The Plaintiff electing to stand on her objection to the Motion to Dismiss, now therefore:

"IT IS ORDERED that Defendant do have and recover his costs against Plaintiff, and that judgment enter in favor of defendant and against Plaintiff for costs."

In this court, plaintiff seeks an order for remand with instruction to the trial court to vacate the order of dismissal and to strike the fourth defense on the ground and for the reason that, after an adoption proceeding, the natural parents are divested of all legal rights by the provisions of C. R. S. '53, 4-1-11, and that only an adoptive parent has a right to maintain an action for the wrongful death of an adopted person.

There is but one problem presented for our consideration, and that is whether one person, who adopts another person over twenty-one years of age, stands in the position of "father or mother" within the meaning of the wrongful death statute, C. R. S. '53, 41-1-1 (Chapter 50, section 1, '35 C. S. A., as amended by chapter 148, '51 S. L., p. 338), specifically in this case, whether plaintiff stands in the position of "mother" of the deceased as that term is intended to be understood under the provisions of said statute.

Novelty of the question here presented is not confined to this jurisdiction. We are unaware of, and counsel assert that they have been unable to find, a single decision

of an appellate court wherein was determined the exact point with which we are now concerned. There are, in other jurisdictions, decisions involving and determining the rights of adoptive parents under a wrongful death statute where the person killed was adopted during the period of his minority. Due to the variation in statutes in different jurisdictions, there would appear to be a considerable lack of uniformity of decision in such cases. In general, the right to maintain an action under such a statute is said to depend upon its construction when considered in the light of the adoptive parent's status as defined by the adoption statute. 1 Am. Jur., page 652, section 52; 16 Am. Jur., page 74, section 100. To the same effect, that determination of the right of recovery depends upon the construction of the statutes of the particular jurisdiction involved, see, also, *Jackson's Admx. v. Alexiou,* 223 Ky. 95, 3 S. W. (2d) 177, 56 A. L. R. 1345, and annotations therein beginning at page 1349.

Under our statute, C. R. S. '53, 41-1-1, damages for death "may be sued for and recovered: * * * (c) If such deceased be a minor or unmarried, then by the father or mother * * *." As the court stated in *Hindry v. Holt,* 24 Colo. 464, 465, 51 Pac. 1002, "No right of action for damages resulting from death through wrongful act or negligence was given by the common law, and such right exists only by virtue of our statute." This being true necessitates application of the well-known rule that such statutes must be strictly construed. The same rule applies with reference to the statutes concerning adoption, to which we now direct our attention.

On behalf of plaintiff it is contended that by construing together all statutory provisions pertaining to adoption, the inevitable conclusion must be that the legal effect of a decree of adoption is to deprive the natural parents of the person adopted of all legal rights with respect to such person and to invest the adoptive parents with all the rights with which the natural parents have been divested. While it probably is required that

consideration be given to the rights lost by the natural parents in case of adoption of their child by another, we are convinced that such a question has only academic interest in determining the issue in the instant case. The real question involved in the present proceeding, is not what rights the natural parent might have lost by adoption proceedings, but what, if any, rights did the adoptive parent acquire thereby that would be of benefit to her under the wrongful death statute? We think that the rights of the plaintiff under the death statute, when considered in the light of the adoption Act, must be controlled almost exclusively by the provisions of C. R. S. '53, 4-1-13 (referred to in briefs herein as §19, c. 4, '35 C. S. A.). While this section is contained within chapter 4, Article 1, pertaining to adoption proceedings, we are convinced that its relationship to that general subject ends at that point.

With the exception of 4-1-4 of the Act providing that: "Any person, whether a minor or an adult, may be adopted," there appears a wide divergence of purpose between the object sought to be accomplished under C. R. S. '53, 4-1-13, and all other sections contained under that topic. The prime purpose of the provisions relating to adoption, other than C. R. S. '53, 4-1-13, definitely pertain to the care, support, training and welfare of children who are orphaned or left dependent during minority. As against this objective compare that expressed in 4-1-13 entitled "Adoption of Adults." Its primary purpose is expressed in the first sentence: "Any person desiring to adopt a person over twenty-one years of age as *heir at law* * * *." (Emphasis supplied) Summons is served upon the person sought to be adopted and unless disclaimer be filed "then the prayer of the petition shall be granted and a decree of adoption shall be rendered and entered by the court declaring such person the *heir at law* of the petitioner and entitled to inherit from the petitioner any and all property in all respects as if such adopted person had been the petitioner's child born in

lawful wedlock." (Emphasis supplied) The name of the person adopted need not be changed. No obligation whatsoever is placed upon the person adopted with respect to the adoptive parent. He is granted no rights whatever, other than the acquisition of an heir at law, who may or may not even bear his name. It is merely a means of giving effect to a personal transaction mutually agreeable between two adults. No rights of the natural parents of the person adopted are taken from them, or even mentioned, where the purpose of the adoption is to acquire an adult "heir at law." Certainly the rights of the natural parents of such person so adopted may not be lost in a proceeding of which they receive no notice, and there is no requirement of service of notice upon them.

Under our construction of the statute, as detailed in the preceding paragraph, the rights of the plaintiff under our death statute are limited to the language of C. R. S. '53, 4-1-13, of the adoption statute. This being true, plaintiff, not being the natural mother of deceased and having no rights as an adoptive parent under the death statute, in view of the fact that the adoption was not decreed until after deceased became twenty-one years of age, was without status to maintain said action and the trial court was right in directing the entry of judgment in favor of defendant.

The judgment of the trial court is affirmed.