No. 20,360.

MARGARET BLOM *v.* UNITED AIR LINES, ET AL.

(382 P. [2d] 993)

Decided June 17, 1963.

Mr. FRED M. WINNER, Mr. CLARKE W. KARR, for plaintiff in error.

Mr. JOHN P. BECK, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as Margaret, filed her complaint in the district court of the City and County of Denver in which she sought to recover damages for the death of her brother, allegedly caused by the negligence of the defendants in error.

The answer of defendants in error contained the following: "The complaint fails to state a claim against the defendants upon which relief can be granted." Follow-

ing a hearing the trial court sustained this defense and entered judgment for the defendants.

If under pertinent statutory provisions an action may be maintained by a sister of a person whose death was caused by the negligence of another, said sister being wholly dependent upon the deceased for support; and where no wife or children, father or mother of the deceased survive him; then the judgment of the trial court must be reversed. If, however, the pertinent statutes do not permit a sister to maintain such action the judgment must be affirmed.

C.R.S. '53, 41-1-1, in pertinent part provides that the corporation and persons described in the complaint filed by Margaret as having wrongfully caused the death of her brother, shall be liable for damages resulting from such wrongful death, and may be sued for and recovered:

"(a) By the husband or wife of deceased; or

"(b) If there be no husband or wife, or he or she fails to sue within one year after such death, then by the heir or heirs of the deceased; * * *.

"(c) If such deceased be a minor or unmarried, then by the father or mother who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor."

As grounds for reversal it is argued that Margaret is a person expressly authorized to sue for and recover damages resulting from the death of her brother under subsection (1)(b) above quoted, in that under the allegations of her complaint there was no surviving spouse or children and she then falls within the coverage of the language "then by the heir or heirs of the deceased." Counsel for Margaret urge that we should re-examine the holding of this court in *Hindry v. Holt,* 24 Colo. 464, 51 Pac. 1002, in which it was said, with reference to the identical statutory language:

" * * * Our conclusion is that the words 'heir or heirs' as here used, do not include all those entitled to share

in the estate of a person dying intestate, under our statute of descents and distributions; but were intended to mean 'child or children' and limit the right of action to lineal descendants of the deceased. In this case the deceased had never been married, and had no children. Under such circumstances, the right of action is given, as we have seen, exclusively to the father and mother. This, in itself, precludes the plaintiff from maintaining the action. * * * "

This interpretation of the statute was again approved in *Grogan, et al., v. Denver & Rio Grande Railroad Company,* 56 Colo. 450, 138 Pac. 764, in which *Hindry v. Holt,* supra, is cited with approval as follows:

" * * * The reasons given for the construction placed upon the act are unquestionably sound; it is unnecessary to reiterate them."

The instant case is not distinguishable in any material respect from the foregoing decisions of this court. We are governed by the rule of *stare decisis* and the judgment accordingly is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE McWILLIAMS concur.