IN RE ADOPTION OF MAXINE M. BERSTON.
H. ROBERT BERSTON v.
MINNESOTA DEPARTMENT OF PUBLIC WELFARE.

206 N. W. 2d 28.

March 30, 1973—No. 43547.

---

*Cochrane & Bresnahan* and *James G. Roban,* for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Judy L. Oakes,* Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Kelly, JJ. Reconsidered en banc.

PETERSON, JUSTICE.

This is an appeal from an order denying a petition to adopt.

Petitioner is a 29-year-old, single male. The person whom he wishes to adopt is his 53-year-old mother. Petitioner is the beneficiary of a trust established by his late father, who divorced petitioner's mother in 1946. The terms of that trust provide that the trust is to be distributed to petitioner when he reaches the age of 45, or to his issue if he should die prior to that age, and that if petitioner dies before that age and leaves no surviving issue, then the corpus of the trust will go to a specified educational institution. Petitioner's admitted motive in seeking to adopt his mother is to make her his heir in the hope that this would bring her within the terms of the trust instrument.

Minn. St. 259.21 to 259.32 govern adoption in Minnesota. There are only two references to the adoption of adults in these sections. Section 259.22 states in part: "Any person who has resided in the state for one year or more may petition to adopt a child or an adult * * *." Section 259.24, which deals with consent, provides in subd. 4: "In the adoption of an adult, his written consent only shall be required."

The other sections, dealing with matters such as notice, investigation, the hearing on the petition, and the effect of the adoption, refer only to "child" adoptions and not to "adult" adoptions. For example, § 259.28 provides:

"Upon the hearing,

(a)   if the court shall find that it is in the best interests of the child that the petition be granted, a decree of adoption shall

be made and recorded in the office of the clerk of court, ordering that henceforth the child shall be the child of the petitioner. * * *

(b)   if the court is not satisfied that the proposed adoption is in the best interests of the child, the court shall deny the petition * * *."

Similarly, § 259.29, dealing with the effect of adoption, provides:

"Upon adoption, such child shall become the legal child of the persons adopting him, and they shall become his legal parents with all the rights and duties between them of natural parents and legitimate child. By virtue of such adoption he shall inherit from his adoptive parents or their relatives the same as though he were the legitimate child of such parents, and in case of his death intestate the adoptive parents and their relatives shall inherit his estate as if they had been his natural parents and relatives in fact. After a decree of adoption is entered the natural parents of an adopted child shall be relieved of all parental responsibilities for such child, and they shall not exercise or have any rights over such adopted child or his property. The child shall not owe his natural parents or their relatives any legal duty nor shall he inherit from his natural parents or kindred. Notwithstanding any other provisions to the contrary in this section, the adoption of a child by his step-parent shall not in any way change the status of the relationship between the child and his natural parent who is the spouse of the petitioning step-parent."

Because § 259.21, subd. 2, defines "child" as "a person under the age 21 years," these sections which refer only to "child" adoptions arguably do not apply to adult adoptions.

The narrow issue presented in this case does not evoke answers to several questions which may well be asked concerning adult adoptions under this loosely structured statute. We do not decide whether the legislature intended that any of those sections of the statutes containing references to "child" refer only to the adoption of minor children and not to adults, for our decision

does not turn on any such issue.[1] Nor do we decide whether the "best interests" test of § 259.28 applies to adult adoptions, for in this case the denial of the petition for adoption was not based on any such finding.

Our dissenting colleagues appropriately observe that the admitted purpose of the son in adopting his mother is to frustrate the intention of his father as trustor. Our decision on the narrow issue presented, however, does not in any way reflect a judgment that petitioner's mother, as his adopted child, would take under the terms of the trust. The interpretation of the trust clearly must be decided in other proceedings directly presenting that issue.

The dispositive issue on this appeal is simply whether the trial court erred in denying the petition for adoption for the stated reason that the adoption would contravene public policy. We hold that § 259.22 so unequivocally authorizes a petition for the adoption of "an adult" by "any person" as to foreclose any limiting construction. Any considerations of public policy are matters for reappraisal by legislative amendment.

Reversed and remanded.

MacLaughlin, Justice (dissenting).

The trial court made the following findings of fact:

"II

"That after the filing of this petition, the Court requested an investigative study be made by the Ramsey County Welfare Department. That that investigation determined the sole purpose of this adoption was to enable Mrs. Berston to inherit through a trust fund established by her estranged husband for their son. That the trust is to be distributed to the petitioner when he

---

[1] Petitioner challenges the statutory authority for either the Ramsey County Welfare Department or the Minnesota Department of Public Welfare to make an investigation and submit a full report in writing to the trial court. It is not necessary to decide that issue, for it is obvious that the reported motive for the adoption is admitted by petitioner.

reaches the age of 45, or to his issue if he should die prior to such age. That if the petitioner should die without issue before he reaches the age of 45, the trust is to go to a school of medicine. That there is no provision in this trust for the estranged wife, Maxine M. Berston. That as the result of this study by the Ramsey County Welfare Department, the Commissioner of Public Welfare recommended to the Court on December 23, 1969, that the petition for adoption be denied.

\* \* \* \* \*

"IV

"That the proposed adoption in this matter is contrary to public policy. That the proposed adoption does not meet and fulfill the purposes for adoptions established in Minnesota law."

Appellant has not contested Paragraph II of the findings of fact made by the trial court. Therefore, we must assume as a fact that the sole purpose for this adoption is to enable Mrs. Berston to inherit through a trust fund established by her divorced, and now deceased, husband, in which there is no provision whatever for any distribution to Mrs. Berston.

It is clear, and uncontested, that Mrs. Berston's former husband did not intend that his ex-wife benefit from the trust. The sole purpose of the son in this attempted adoption of his mother is to frustrate that intention. I believe this court should hold that it is against the public policy of the State of Minnesota for a son to adopt his mother for the sole purpose of frustrating the intent of an express trust established by her former husband.

KELLY, JUSTICE (dissenting).

I join in the dissent of Mr. Justice MacLaughlin.