**Alonso HERRERA and Eladio Herrera by their next friend Lydia Mota, Plaintiffs–Appellants,**

v.

**Rocky Lee GLAU and Colorado Elevator Services, Inc., Defendants–Appellees.**

No. 87CA1709.

Colorado Court of Appeals, Div. V.

March 16, 1989.

Correll Law Office, P.C., Tim Correll, Denver, for plaintiffs-appellants.

Anderson, Campbell & Laugesen, P.C., Greg C. McReynolds, Denver, for defendants-appellees.

METZGER, Judge.

The sole issue in this case is whether a decedent's equitably adopted children have standing to initiate a wrongful death action pursuant to § 13–21–201, et seq., C.R.S. (1987 Repl.Vol. 6A). We hold that they do not and, therefore, affirm the trial court's judgment dismissing the complaint.

The plaintiffs are the decedent's 18–and–20 year-old step-brothers who resided with him and were supported by him. After decedent's death, the probate court entered an order in the decedent's estate proceeding, finding that the plaintiffs were "equitably adopted by the decedent in January, 1983," and determining that each was a "Child of Decedent," and was an "heir" to one-half of his estate.

Plaintiffs then commenced this wrongful death action pursuant to § 13–21–201(1)(b), C.R.S. (1987 Repl.Vol. 6A), asserting that they were heirs of the decedent. Defendants moved to dismiss, asserting that plaintiffs lacked standing. The trial court dismissed the complaint, concluding that the statutory schemes for wrongful death and for adoption, as interpreted by appellate courts, precluded equitably adopted individuals from maintaining wrongful death actions. This appeal followed.

Since the wrongful death Act is in derogation of the common law, it must be strictly construed. *Martin v. Cuellar*, 131 Colo. 117, 279 P.2d 843 (1955). If the decedent, as here, had no spouse, then the Act provides that an action may be brought "by the heir or heirs of the deceased." Section 13–21–201(1)(b), C.R.S. (1987 Repl.Vol. 6A).

The term "heir" as used in the Act has been narrowly defined. In *Hindry v. Holt*, 24 Colo. 464, 51 P. 1002 (1897), the court determined that the descendant's five year-old niece, his sole heir under the statute of descent and distribution, was not entitled to bring an action for his wrongful death. It held that the term "heir" in the wrongful death Act refers solely to a child or a "lineal descendent" of the decedent. That reasoning has been applied in later cases to deny standing to siblings, *see Blom v. United Air Lines*, 152 Colo. 486, 382 P.2d 993 (1963), and parents of adult children where the decedent had a surviving spouse, *see McGill v. General Motors Corp.*, 174 Colo. 388, 484 P.2d 790 (1971), who sought to initiate wrongful death actions.

Indeed, in *Martin v. Cuellar, supra*, our supreme court held that plaintiff, who adopted the decedent after he attained adulthood, was precluded from maintaining an action for his wrongful death. It reasoned that adoption of an adult only results in a declaration that the adoptee is "the heir at law of the petitioner and entitled to inherit from the petitioner any and all property in all respects as if such adopted person had been the petitioner's child born in lawful wedlock." However, because such an adoption does not involve a change of name of the adoptee, nor does it affect the

rights of the adoptee as to his natural parents or they to him, it is "merely a means of giving effect to a personal transaction mutually agreeable between two adults." Thus, the adoptive parent of an adult is "granted no rights whatever, other than the acquisition of an heir at law." *See also* § 19-5-201, C.R.S. (1988 Cum. Supp.) (court approval required for adoption of person between 18 and 21 years of age).

We believe that this reasoning applies in an equally cogent fashion to equitable adoption situations. The doctrine of equitable adoption was first recognized in *Barlow v. Barlow,* 170 Colo. 465, 463 P.2d 305 (1969). There, the court found an equitable adoption existed if there was "an oral contract to adopt a child, fully performed except that there was no statutory adoption, and in which the rule is applied for the benefit of the child in the determination of heirship upon the death of the person contracting to adopt." Colorado courts have consistently refused to apply the doctrine of equitable adoption to factual situations other than those involving succession to an estate. *Chavez v. Shea,* 185 Colo. 400, 525 P.2d 1148 (1974).

The effects of adult adoptions and equitable adoptions are identical. In both, no change of name occurs, nor is notice to the adoptee's natural parents required. Neither adoption imposes any duties on the adoptee toward the adopting parent, nor does it impose any responsibility upon the adopting parent. The sole effect of both adoption of an adult and equitable adoption is to allow the adoptee to participate in succession to an estate.

This analysis is bolstered by the holdings of other courts which have considered the issue. The majority have refused to apply the doctrine of equitable adoption in a wrongful death action. *See Grant v. Sedco Corp.,* 364 So.2d 774 (Fla.App.1978); *Limbaugh v. Woodall,* 121 Ga.App. 638, 175 S.E.2d 135 (1970); *Smith v. Atlantic Coastline Ry. Co.,* 212 S.C. 332, 47 S.E.2d 725 (1948); *Goss v. Franz,* 287 S.W.2d 289 (Tex.Civ.App.1956); *Amos v. Central Freightlines,* 575 S.W.2d 636 (Tex.Civ.App.

1978); *Roche v. Big Moose Oil Field Truck Service,* 381 So.2d 396 (La.1980).

The courts' reasoning includes recognition of the public policy in upholding the formalities of the legal adoption process (*Smith v. Atlantic Coastline Ry. Co., supra*), strict construction of the right of action for wrongful death (*Roche v. Big Moose Oil Field Truck Service, supra*), an unwillingness to extend equitable contract principles to create the relationship of parent and child (*Grant v. Sedco Corp., supra*), and avoidance of the problems caused by allowing a child to sue and recover for the death of both a natural parent and an equitably adopted one (*Limbaugh v. Woodall, supra*).

We agree with the reasoning of the court in *Grant v. Sedco Corp., supra:*

"Although the limitations upon recovery by an equitably adopted child might seem harsh, the ... Wrongful Death Act does not compensate all those aggrieved by the death of another. It only compensates some and in certain ways. *The nature of equitable adoption is a remedy in equity to enforce a contract right not to create the relationship of parent and child.*" (emphasis added)

Since the wrongful death Act must be strictly construed, and since an equitably adopted child, while an heir for purposes of intestate succession, is not an heir for wrongful death Act purposes, we conclude the trial court ruled correctly in dismissing this action.

JUDGMENT AFFIRMED.

CRISWELL and HUME, JJ., concur.