David ABLIN and Debrah Ablin Ferley, Plaintiffs–Appellants,

v.

RICHARD O'BRIEN PLASTERING COMPANY, O'Brien Construction Services, Inc., Richard O'Brien Concrete Pumping, Inc., d/b/a O'Brien Construction Services, Inc., Richard O'Brien Companies, Inc. and Steven Darrell Holland, Defendants–Appellees.

No. 93CA0880.

Colorado Court of Appeals, Div. III.

June 2, 1994.

Rehearing Denied July 7, 1994.

Certiorari Denied Dec. 5, 1994.

Sears, Anderson & Swanson, P.C., Victoria C. Swanson, Colorado Springs, for plaintiffs-appellants.

Burg & Eldredge, P.C., Michael S. Burg, Tom Van Buskirk, James D. Kilroy, Denver, for defendants-appellees.

Opinion by Judge KAPELKE.

In this wrongful death action to recover damages for the death of their brother, plaintiffs, David Ablin and Debrah Ablin Ferley, appeal the summary judgment entered in favor of defendants. We affirm.

In their complaint, plaintiffs alleged that their brother, Bruce Ablin, was riding his bicycle when he was struck and killed by a truck driven by an employee of Richard O'Brien Concrete Pumping, Inc. Ablin left no surviving spouse or children, and neither of his parents survived him. Plaintiffs, who are Ablin's closest living relatives, filed this action naming as defendants the driver of the truck, Richard O'Brien Concrete Pumping, Inc., and two related corporate entities.

Defendants filed a motion for summary judgment arguing that plaintiffs, as siblings of the deceased, lacked standing to bring suit under the Colorado Wrongful Death Act, § 13–21–201, et seq., C.R.S. (1987 Repl.Vol. 6A). The trial court granted the motion.

I.

Plaintiffs first contend that the trial court erred in interpreting the Wrongful Death Act to preclude siblings from maintaining wrongful death actions. We disagree.

At the outset, we note that summary judgment is a drastic remedy and should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Roberts v. Holland & Hart,* 857 P.2d 492 (Colo.App.1993).

At common law, there was no cause of action for wrongful death. Therefore, such suits may be maintained in Colorado only by virtue of the Wrongful Death Act. Because that act is in derogation of common law, it has been strictly construed. *See Herrera v. Glau,* 772 P.2d 682 (Colo.App.1989).

Before its amendment in 1988, § 13–21–201(1), C.R.S. (1987 Repl.Vol. 6A) allowed wrongful death actions to be brought by

(a) ... the husband or wife of deceased; or

(b) If there is no husband or wife, or he or she fails to sue within one year after such death, *then by the heir or heirs of the deceased;* or

(c) If the deceased is a minor or unmarried, then by the father or mother who may join in the suit, and each shall have an equal interest in the judgment; or if either of them is dead, then by the survivor. (emphasis added)

The term "heir" as used in the Wrongful Death Act has been narrowly defined. In *Hindry v. Holt,* 24 Colo. 464, 51 P. 1002 (1897), a niece sought damages for the wrongful death of her uncle upon whom she was financially dependent. Although the niece was an heir at law under the laws of descent and distribution, our supreme court rejected the argument that she was an "heir" as that term is used in the Wrongful Death

Act. The court held that, for purposes of that statute, the phrase "heir or heirs" refers solely to lineal descendants of the decedent:

> By construing the words 'heir or heirs,' as used in the second subdivision, to mean 'child or children,' the purpose of this character of legislation is carried out, which is to compensate those who suffer pecuniary loss by reason of the death. While, on the other hand, if the words 'heir or heirs' are to be construed as meaning all those who, under the statute of descents and distribution, would be entitled to inherit, then collateral kindred, however remote, who would derive no pecuniary benefit from the continuance of the life of deceased, as well as the direct descendants, may maintain the action,—a result wholly inconsistent with the plain purport and object of the statute. And furthermore, such construction would render the third subdivision wholly useless and unnecessary, since the father and mother would, by our act of descents and distribution, be the heirs in case the deceased was a minor, or unmarried, and, consequently, included within the class of beneficiaries described in the second subdivision.

24 Colo. at 466–67, 51 P. at 1003.

Since *Hindry,* our supreme court has twice considered the standing of siblings to sue under the Wrongful Death Act. In both *Grogan v. Denver & Rio Grande R.R. Co.,* 56 Colo. 450, 138 P. 764 (1914); and *Blom v. United Air Lines,* 152 Colo. 486, 382 P.2d 993 (1963), the court held that siblings lack such standing. Thus, since 1897, our supreme court has consistently interpreted the Wrongful Death Act as conferring standing only upon spouses, descendants, and parents of the deceased. *See also Herrera v. Glau, supra* (decedent's step-brothers, who had been equitably adopted by him, were held not to be "heirs" within the meaning of the Wrongful Death Act).

The General Assembly amended the Wrongful Death Act in 1988 and 1989. The 1988 amendments clarified the provisions of § 13–21–201(1) with respect to a spouse's preferred right to file a wrongful death action during the first year after the death of the deceased. However, neither the language of the amendment nor the legislative history suggests that the amendment was intended to expand the class of persons who have standing. Section 13–21–201(1), C.R.S. (1993 Cum.Supp.).

The 1989 amendments to the Wrongful Death Act created a right to recover non-economic damages in addition to pecuniary damages. Section 13–21–203, C.R.S. (1993 Cum.Supp.). Like the 1988 amendments, however, the 1989 amendments did not enlarge the class of persons who may bring wrongful death actions.

The purpose of the Wrongful Death Act is to provide death benefits to those individuals most likely to suffer pecuniary loss upon the decedent's death. *Hindry v. Holt, supra; McGill v. General Motors Corp.,* 174 Colo. 388, 484 P.2d 790 (1971). The 1989 amendments merely reflect the General Assembly's recognition that survivors are also likely to suffer non-economic losses, which should be compensable in appropriate circumstances.

■ When the General Assembly reenacts or amends a statutory provision which has been judicially construed, but does not substantively alter the terms of the provision, it is presumed that the General Assembly is familiar with the judicial interpretation and has adopted it as part of the law. *Tompkins v. DeLeon,* 197 Colo. 569, 595 P.2d 242 (1979).

■ Thus, when the 1988 and 1989 amendments to the Wrongful Death Act were adopted, the General Assembly was presumably aware of our supreme court's interpretation of the phrase "heir or heirs" in the context of wrongful death actions. While the General Assembly could, of course, have legislatively modified or abrogated the judicial interpretation of the term "heir or heirs," it did not do so.

Plaintiffs contend, nevertheless, that, because the Wrongful Death Act was amended after the General Assembly had enacted the Colorado Probate Code, the General Assembly must have intended to incorporate into that act the definition of "heirs" contained in the Probate Code, §§ 15–10–210(20) and 15–11–103, C.R.S. (1987 Repl.Vol. 6B). We disagree.

In *Hindry v. Holt, supra,* our supreme court specifically rejected the contention that the definition of the word "heirs" used in the statute of descent and distribution determines standing to bring wrongful death actions. For the reasons expressed in that opinion, we also reject the contention.

Moreover, if the General Assembly had intended the word "heirs," as used in § 13–21–201(1), to have the definition contained in the statute governing intestate succession, it could have, and presumably would have, expressly so provided.

In fact, in one section of the Wrongful Death Act, § 13–21–201(2), C.R.S. (1987 Repl.Vol. 6A), the General Assembly chose to refer to "heirs at law of the deceased" as defined by the statutes of descent and distribution. It did not do so, however, in § 13–21–201(1), the section relating to standing.

We therefore conclude that plaintiffs lacked standing to commence an action under the Wrongful Death Act. Accordingly, the trial court properly entered summary judgment in favor of defendants.

## II.

■ Plaintiffs next contend that the trial court's interpretation of the Wrongful Death Act creates an irrational classification that violates the equal protection guarantees of the Colorado and United States Constitutions. They assert that no legitimate state interest is served by denying sole surviving siblings standing to assert wrongful death claims.

Our supreme court expressly rejected this contention in *McGill v. General Motors Corp., supra,* and we conclude that the principles applied there result in the same disposition here.

In *McGill,* our supreme court held that the term "heirs" in the Wrongful Death Act did not include parents if their deceased child was married. In so holding, the court rejected the parents' contention that such an interpretation denied them equal protection. The court determined that the statute's classification was rational and constitutionally sound.

Since the decision in *McGill,* the General Assembly has amended the Wrongful Death Act expressly to confer standing upon parents if their deceased child's spouse elects not to sue within the first year after their child's death. The General Assembly has not amended the statute to confer standing upon siblings, however. Thus, the *McGill* court's treatment of the equal protection issue remains pertinent here.

Furthermore, the courts of several other states have held that wrongful death statutes that permit only certain surviving family members to bring suit do not violate the equal protection clause. *See Masunaga v. Gapasin,* 57 Wash.App. 624, 790 P.2d 171 (1990) (construing Washington wrongful death statute to preclude recovery by non-dependent parents for the death of their child does not violate equal protection principles); *Castillo v. Hidalgo County Water District 1,* 771 S.W.2d 633 (Tex.App.1989) (Texas Wrongful Death Act, which denies siblings standing to bring suit, does not violate the equal protection clause); *White v. Clayton,* 323 So.2d 573 (Fla.1975) (statute that distinguishes the rights of recovery for a surviving spouse and lineal descendants from those of collateral descendants does not create an unreasonable classification violative of the equal protection clause).

We agree with the statement in *Castillo v. Hidalgo County Water District 1,* 771 S.W.2d at 635, that:

> Limiting such a cause of action to the surviving spouse, parents and children of the deceased is rationally related to the state's interest in compensating only those persons who normally would have had the closest relationship to the deceased and would suffer the most from his death. In a particular case, an aunt or an uncle, a brother or sister, or even a close friend not related to the deceased may have suffered like or greater harm from his death than those persons specified by the statute. This does not mean, however, that the legislature must extend a cause of action to every conceivable group that may be affected by his death.

Thus, the fact that siblings may suffer financially or emotionally from a wrongful death

does not render the statutory classification unreasonable for purposes of equal protection analysis. *See also Masunaga v. Gapasin, supra.*

The Wrongful Death Act serves the legitimate governmental purpose of giving the right to sue to those who generally will be most directly affected by a wrongful death. The statute's failure to confer standing upon relatives other than spouses, descendants, and parents does not render it irrational or unconstitutional. *See Parham v. Hughes,* 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979). We therefore conclude that the trial court's interpretation of the Wrongful Death Act does not violate the equal protection clause of the United States or Colorado Constitutions.

The judgment is affirmed.

STERNBERG, C.J., and JONES, J., concur.