**In the Matter of the Petition of P.A.L. von R., Plaintiff–Appellant,**

**For the Adoption of an Adult, K.M.F.**

**No. 99CA1946.**

Colorado Court of Appeals,
Div. V.

June 8, 2000.

Ronald L. Brown, Fort Collins, Colorado, for Petitioner–Appellant.

Opinion by Judge KAPELKE.

P.A.L. von R. appeals from the judgment of the trial court dismissing the petition to adopt his adult sister, K.M.F. We reverse and remand for entry of an adoption decree.

Petitioner filed his petition pursuant to § 14–1–101, C.R.S.1999, together with a con-

sent to the adoption and a waiver and acceptance of service signed by his sister. Following an evidentiary hearing, the trial court denied the petition. No party opposed the requested adoption.

The court found that petitioner, age 60, was seeking the adoption to allow his sister, a German citizen, age 55, to change her name to the original family name. Petitioner stated that his sister had been unable to effect the name change by any court proceeding in Germany, but that an adoption decree would be recognized.

The court also found that there was nothing in the statute that expressly prevented an adult from adopting another adult of any age. However, the court indicated that it would exercise its discretion and decline to decree the adoption because it appeared to the court to violate public policy. The transcript shows that the court was concerned with the lack of age differential between petitioner and his sister and with the fact that they were siblings.

Petitioner contends that § 14–1–101 contains no exception based upon age differential or blood relationship. Therefore, he argues that the trial court erred in denying the petition for adoption. We agree.

Section 14–1–101, the adult adoption statute, provides in pertinent part:

(1) Any person desiring to adopt an adult as heir at law shall file his petition in the juvenile court of the county and thereupon summons shall issue . . . and be served on the person sought to be adopted. Said person shall file in the court a written answer to the petition . . . and shall either consent to such adoption or deny or disclaim all desire to be adopted by such person.

(2) Upon the filing, by the person sought to be adopted, of a disclaimer of all desire to become the heir at law of the petitioner, the petition shall be dismissed by the court, but *upon the filing of a consent to such adoption, . . . the prayer of the petition shall be granted, and a decree of adoption shall be rendered and entered by the court declaring such person the heir at law of the petitioner* and entitled to inherit

from the petitioner any property in all respects as if such adopted person had been the petitioner's child born in lawful wedlock, and such decree may or may not change the name of such adopted person, as the court rendering the decree may deem advisable; . . .

(emphasis added).

The statute authorizes the adoption of adults for the purpose of giving the adoptee the status of an heir at law. *In re Trust Created by Belgard,* 829 P.2d 457 (Colo.App. 1991).

An adult adoption has been described as "merely a means of giving effect to a personal transaction mutually agreeable between two adults." *Herrera v. Glau,* 772 P.2d 682 (Colo.App.1989) (quoting *Martin v. Cuellar,* 131 Colo. 117, 279 P.2d 843 (1955)).

If we can give effect to the ordinary words used by the General Assembly, we must apply the statute as written. Use of the word "shall" implies a mandatory meaning. *In re Adoption of T.K.J.,* 931 P.2d 488 (Colo.App.1996).

The plain language of § 14–1–101 requires the trial court to grant an adult adoption when there is valid service and the adoptee consents to such adoption. Both requirements were met here. There is no additional requirement that there be a minimum age differential between the adoptor and the adoptee. *See In re Adoption of Elizabeth P.S.,* 134 Misc.2d 144, 509 N.Y.S.2d 746 (1986) (lack of disparity in age not fatal to adoption proceeding). Nor is adoption precluded based upon the prior relationship of the parties. *See In re Trust Created by Belgard, supra; see also Berston v. Minnesota Department of Public Welfare,* 296 Minn. 24, 206 N.W.2d 28 (1973) (under statute allowing adoption of an adult by "any person," son's petition to adopt mother granted even though admitted motive was to bring her within terms of trust established by father who had divorced mother).

Finally, we are not aware of any public policy in Colorado that would be violated by permitting a person to adopt his or her own adult sibling.

Accordingly, we conclude that pursuant to the mandatory language of § 14–1–101, the court was required to grant the petition and enter a decree of adoption.

The judgment is therefore reversed, and the cause is remanded for entry of a decree of adoption.

Judge ROTHENBERG and Judge CASEBOLT concur.